In the Matter of the Estate of EVELYN BOSTWICK VORONOFF, Deceased.

Surrogate's Court, New York County, March 26, 1925.

Taxation — Federal estate tax — tax imposed by Federal Revenue Act of 1918 upon transfer of net estate of every decedent must be paid out of residue of estate in absence of any specific direction to contrary — decedent made gift of shares of stock to college inter vivos — executor rather than college is liable for proportionate part of Federal estate tax imposed on said shares — tax assessed under New Jersey Tax Law must likewise be paid out of residue of estate.

The tax which the Federal Revenue Act of 1918 (40 U. S. Stat. at Large, 1100) imposes upon the transfer of the net estate of every decedent, in the absence of any specific direction in the will or other instrument, must be paid out of the residue of the estate regardless of whether the transferee acquired his legal rights through the will, by operation of law, or by separate conveyance.

Accordingly, decedent's executor rather than the College de France is liable for the proportionate part of the Federal estate tax imposed upon certain shares of stock of the Standard Oil Company of California transferred by decedent through a deed of gift *inter vivos* to said college, particularly in the absence of a contrary direction in decedent's will.

The New Jersey inheritance tax must likewise be paid out of the residue without reimbursement out of the shares of stock passing to the college under the deed of gift, notwithstanding the fact that the gross estate was increased by the

inclusion of the value of the stock which was the subject of the deed of gift, especially since the will expressly directed the payment of such taxes out of the residue.

APPLICATION by executor for supplemental decree in accounting proceeding.

*Winthrop & Stimson,* for Egerton L. Winthrop, Jr., as executor and trustee, etc.

*Stetson, Jennings, Russell & Davis,* for Francis Francis, as general guardian of Evelyn Francis and another.

*Edward R. Greene,* special guardian of Evelyn Francis and another.

*White & Case,* for College de France.

*Morris & McVeigh,* for Marion B. Carstairs.

FOLEY, S.  The executor applies for a supplemental decree in this accounting proceeding.  The original decree herein, dated December 8, 1924, reserved for the future determination of the surrogate two questions: (1) Whether the executor or the College de France shall be liable for the proportionate part of the Federal estate tax imposed with respect to certain shares of the Standard Oil Company of California transferred by the decedent through a deed of gift *inter vivos* to said college; (2) whether the executor or the College de France should be charged with the payment of $1,457.30, the proportionate part of inheritance taxes paid to the State of New Jersey by reason of the inclusion of said shares as part of the gross estate in computing the New Jersey inheritance taxes.

The decedent died March 3, 1921, a resident of the Republic of France.  On December 10, 1919, she executed an instrument by which she agreed to transfer to the College de France 601 shares of the common stock of the Standard Oil Company of California, together with certain other personal property.  The donation was accepted by the French governmental authorities by instrument dated January 15, 1921.  No power of revocation was reserved in the deed of gift by the donor.  She did, however, provide for the payment to herself, until the date of her death, of the annual income in excess of 30,000 francs and any increase by way of distribution of the surplus of the company or increase in its capital stock.  The Federal government included the value of these shares of stock in the value of the estate and held the same to be taxable within the meaning of the Federal Estate Tax Law.  By reason thereof such tax was increased by the sum of $20,204.21.

(1) As to the Federal estate tax I hold that the decision of the

Court of Appeals in *Farmers' Loan & Trust Company* v. *Winthrop* (238 N. Y. 488, modifying 207 App. Div. 373) is conclusive here and that the total amount of the Federal estate tax must be paid out of the residue of this estate without contribution from the donee of the gift *inter vivos*, the College de France. In that case the Court of Appeals held that under the language of the Federal Revenue Act of 1918 imposing the estate tax, in the absence of a specific direction in the will or other instrument, such tax must be paid out of the residue, regardless of whether the transferee acquired his legal rights through the will or by operation of law, or by separate conveyance. Judge Lehman in his opinion pointed out that the tax under the Federal statute is a " tax upon the transfer of the net estate of every decedent," that the liability for its payment is imposed upon the executor and is to be paid by him " out of the estate before its distribution." The opinion proceeds to state: " The value of the net estate by which this tax is measured not only includes the value of property which the decedent at the time of his death could dispose of by will or deed and the value of property which the decedent has transferred by deed made in contemplation of death, or to take effect in possession or enjoyment upon his death, but also includes the value of interests of others which ripen upon his death into new rights of possession and enjoyment by operation of law, regardless of the wish of the decedent, such as dower rights or interests held jointly or as tenants by the entirety. The transfer which is taxed is not the transfer of separate parts of the decedent's estate by a single instrument nor separate transfers by the decedent of his estate but it is the transfer by death of all that property which is defined by the statute as the ' net estate ' regardless of how the right of the transferees may arise. The definition of the ' net estate ' identifies the property the transfer of which is taxed and the value of the ' net estate ' so defined measures the amount of the tax and its rate; but the tax is not imposed upon the property nor in general is the burden of its payment apportioned in proportion to the value of any portion thereof received by any transferee. Congress has explicitly stated that it was the intent and purpose of the act that ' so far as practicable and unless otherwise directed by the will of the decedent, the tax shall be paid out of the estate before distribution ' (Section 408); in other words, unless the testator otherwise directs, the whole tax is to be paid, so far as practicable, out of the estate before the amount remaining in the estate for distribution thereafter can be determined or the amount of a residuary bequest fixed."

Judge Lehman also pointed out that the only exception to this general rule is the specific authorization of section 408 of the

Federal Revenue Act of 1918 (40 U. S. Stat. at Large, 1100) that the tax on the proceeds of certain life insurance policies shall be apportioned and separately charged against the beneficiaries thereof. In the *Winthrop* case the deed of gift was revocable. In view of the comprehensive effect of that decision, I do not regard the claim of the parties that the fact that the deed of gift here was *irrevocable,* changes the rule that the liability is placed upon the residuary estate. It is immaterial whether the deed of gift is revocable or irrevocable. The Court of Appeals has determined that in the absence of a contrary direction, the Federal tax upon every form of succession within and without the estate must be paid out of the residue. Nor do I find any justification for apportioning the tax here by reason of the language of section 408, which directs that the tax " so far as is practicable " shall be paid out of the estate before its distribution. In the *Winthrop* case the court found no " practicable " method of apportionment under the circumstances involved in that estate. The facts here are not distinguishable. Moreover, the directions of Mrs. Voronoff in her will were far more specific with regard to payment of taxes out of the residue than the language of the decedent, Helen C. Bostwick, in the *Winthrop* case. Here the will directs: *"Fourth:* I direct that *all inheritance, legacy, succession, transfer or similar duties or taxes* which shall become payable under any present or future law in respect either to my American Estate or my French Estate *shall be paid out of the residuary portion of my American Estate."* In the *Winthrop* case the provision read as follows: " I direct that all my just debts and funeral expenses be paid as soon as possible after my decease, and that all inheritance taxes be paid out of my general estate."

The supplemental decree shall, therefore, direct that the Federal estate tax be paid out of the residuary estate.

(2) I hold that the New Jersey inheritance tax must likewise be paid out of the residue and that there should be no reimbursement out of the shares of stock passing to the College de France under the deed of gift. The New Jersey tax is assessed against the transfers to the specific legatees or beneficiaries. (*Maxwell* v. *Bugbee,* 250 U. S. 525; *Matter of Dellinger,* 94 N. J. Eq. 409; 120 Atl. 27.) No portion of the New Jersey inheritance tax in this estate was charged upon a transfer to the college. No assets taxable in New Jersey were transferred by the deed of trust. It is claimed, however, that the gross estate was increased by the inclusion of the value of the stock, which was the subject of the deed of gift, and that thereby the tax upon the transfer to the respective legatees of the estate was increased by the sum of $1,457.30. The mere method of ascer-

tainment of the general estate or any particular transfer under the statutes of that State does not furnish a basis of imposing liability upon a beneficiary who took no property taxable under its laws. In addition, the language of the will itself in paragraph 4 of the will quoted above specifically directed the payment of such taxes out of the residue. The result, therefore, would have been the same if the gift to the College de France had passed under a specific bequest contained in the will.

Submit supplemental decree accordingly.