In the Matter of the Estate of FRANCIS J. OAKES, Deceased.

Surrogate's Court, New York County, June 8, 1925.

Executors and administrators — motion to confirm report of referee in accounting proceeding — finding that executor was entitled to credit himself with amount of Federal inheritance tax paid on testator's delivery of shares of stock to son on theory that transfer was made in contemplation of death, proper — tax must be paid out of residue in absence of directions in will or other instrument — tax paid on delivery of stock by testator to third parties in escrow " subject to all State and National taxes thereon being paid " cannot be charged against estate — penalty assessed by Federal government for executor's failure to report transfer to him of stock shares, must be surcharged against executor — referee's recommendation to dismiss proceeding to remove executor adopted.

Upon a motion to confirm the report of a referee in accounting proceedings, a finding therein that the executor was entitled to credit himself with the amount of Federal inheritance taxes paid upon the testator's delivery of 1,380 shares of stock to his son, on the theory that the transfer was made in contemplation of death, is proper, since, under the language of the Federal Revenue Act, imposing the estate tax, in the absence of a special direction in the will or other instrument, such tax must be paid out of the residue, regardless of whether the transferee acquired his legal rights through the will, by operation of law, or by separate conveyance. But inheritance taxes paid on 1,510 shares of stock, which were delivered by the testator to two persons in escrow to be delivered by them upon testator's death to his son " subject to all State and National taxes thereon being paid," cannot be charged against the estate, since the language of the agreement, under which the transfer was made, not only shows an intention to protect the transferees in escrow from the payment of all State and National taxes, but also discloses an intention to charge the transferee of these shares of stock directly with the payment of these taxes.

Moreover, the imposition of an additional tax and interest at six per cent as a penalty for the executor's non-payment of certain Federal taxes within the statutory period, after having failed, in making his returns to the Federal tax

authorities for estate tax purposes to report the transfer to him individually of the 1,380 shares of stock, must be surcharged against him together with the *pro rata* amount of taxes paid to the Federal government out of the general estate upon the 1,510 shares of stock.

Furthermore, the recommendation of the referee to dismiss a separate proceeding to remove the executor for misconduct must be adopted and the proceeding is, therefore, dismissed.

MOTION to confirm report of referee.

*Watson, Harrington & Sheppard*, for Francis J. Oakes, Jr., as executor and accountant.

*Burroughs & Brown*, for the contestants.

FOLEY, S. This is a motion to confirm the referee's report. Exceptions have been filed by the contestants to the report of the referee that the executor properly credited himself with the sum of $35,455.82, paid to the United States government for Federal inheritance taxes upon 2,890 shares of stock of the Oakes Manufacturing Company. These 2,890 shares were transferred in two lots, one of 1,380 shares and the other of 1,510 shares.

(1) As to the transfer of 1,380 shares of stock in that company, the referee has found that they were delivered by the testator to the executor, his son, Francis J. Oakes, Jr., as an outright gift on December 7, 1917, and that the Federal inheritance taxes thereon were properly paid by the executor out of the general estate, on the theory that the transfer was made in contemplation of death. This finding and conclusion are correct, and the exceptions thereto are overruled. As pointed out in my recent decision in *Matter of Voronoff* (127 Misc. 440) the Court of Appeals in the case of *Farmers' Loan & Trust Co.* v. *Winthrop* (238 N. Y. 488, modifying 207 App. Div. 373) held that under the language of the Federal Revenue Act of 1918 (40 U. S. Stat. at Large, 1110), imposing the estate tax, in the absence of a special direction in the will or other instrument, such tax must be paid out of the residue, regardless of whether the transferee acquired his legal rights through the will or by operation of law, or by separate conveyance.

(2) As to the transfer of the 1,510 shares the referee has found that testator's son, Francis J. Oakes, Jr., became the owner of these shares by virtue of an agreement executed the same day, under the terms of which testator delivered 1,510 shares to two persons, Kernan and Watson, in escrow, to be delivered by them upon the decedent's death to his son, "subject to all State and National Taxes thereon being paid, and said Kernan and Watson, or the survivor of them, being fully indemnified and protected against the same * * *." This situation with regard to this transfer is clearly distinguishable from the transfer of the 1,380 shares.

It comes within the exception to the rule laid down by Judge LEHMAN in *Farmers' Loan & Trust Co.* v. *Winthrop (supra)* that, *unless the testator otherwise directs*, the whole tax upon the transfer of the net estate of every decedent, whether the transfer is by will or other instrument, is to be paid, so far as practicable, out of the general estate before distribution. Here there was a clear direction that the payment of the taxes upon these shares should be borne by the transferee.

Basing his conclusion upon the language of this agreement, the referee found that the Federal inheritance taxes paid upon these 1,510 shares were correct charges against the estate. The conclusion of the referee is improper and the exceptions thereto must be sustained. Not alone does the language of this agreement show an intention to protect the transferees in escrow from the payment of all State and National taxes, as held by the referee, but it also discloses the intention to charge the transferee of these shares of stock directly with the payment of these taxes. The plain and ordinary meaning of the words " subject to all State and National taxes being paid thereon." requires the interpretation that these shares of stock be delivered to the testator's son only after all State and National taxes, both income and inheritance, have been deducted and paid therefrom, or from the proceeds thereof.

It appears further from the report of the referee that the executor in making his returns to the Federal authorities for estate tax purposes failed to recite the transfer to him individually of the 1,380 shares of stock in the Oakes Manufacturing Company. An audit made by the United States government resulted in the inclusion of these 1,380 shares as part of the net estate of the testator, and the authorities thereupon demanded an additional tax and imposed interest at six per cent as a penalty for non-payment within the statutory period. The imposition of this penalty, if charged against the estate, would result in a direct loss to the residuary legatees. Irrespective of the fact that, as pointed out by the referee, it was the result of ill advice of counsel and not to negligence on the part of the executor that he failed to set forth these shares in his return to the government, the residuary legatees should not be compelled to bear this loss. The exceptions made by the contestants to this finding and conclusion of the referee are, therefore, sustained. The executor will be surcharged with the *pro rata* amount of taxes paid to the United States government out of the general estate upon the 1,510 shares of stock, in addition to the interest paid as a penalty upon the 1,380 shares of stock which the executor failed to report in time.

Although the language of the referee's finding and conclusion with respect to the fee of the appraisers, which was reduced from $7,500 to $3,750, is somewhat ambiguous, his conclusion was correct, and the estate is liable for the sum of $3,750 on that item.

The referee's recommendation, that the separate proceeding to remove Francis J. Oakes, Jr., as executor, for his misconduct be dismissed, is adopted, and that proceeding is, therefore, dismissed. (*Matter of Jung,* 205 App. Div. 37.)

All other exceptions filed, both by the executor and the contestants, are overruled. The referee's report is modified in accordance with this decision, and as so modified is confirmed. Submit decree accordingly.