## SCHREINER v CINCINNATI ALTENHEIM et

## SCHREINER v TAX COMMISSION

(4 Cases)

Ohio Appeals, 1st Dist, Hamilton Co

Nos 5534, 5537, 5554, 5555.
Decided January 30, 1939

Oliver B. Dock, Cincinnati, for Cincinnati Altenheim.

J. G. DeFosset, Cincinnati, for Matilda H. Schreiner.

Cowan, Adams & Adams, Columbus, for William H. Cohrs.

Wm. H. Middleton, Jr., Waverly, for tax commission.

## OPINION

By MATTHEWS, J.

Case numbered 5534 is an appeal on questions of law and fact by the executrix of the last will of Oscar H. Cohrs, deceased, from a judgment of the court of common pleas of Hamilton county.

Case numbered 5537 is an appeal on questions of law by William H. Cohrs, also known as William H. Joest, a nephew and heir of the testator from the same judgment.

The action in which these two appeals were taken was to secure a construction of the will of Oscar H. Cohrs, deceased, and instructions of the court as to the executrix's duties.

Case numbered 5554 is an appeal on questions of law by Matilda H. Schreiner, as executrix and heir from an order of the Probate Court of Hamilton county, fixing the inheritance tax.

Case numbered 5555 is an appeal on questions of law by William H. Cohrs from the same order.

As we find that the appeal on questions of law from the order of the Probate Court fixing the inheritance tax, requires a construction of the will and its legal effect, we lay aside the objection raised against entertaining the appeal from the common pleas court until the substantive issue has been determined, and will dispose of those objections in connection with the form the judgment should take to give effect to our conclusion on the substantive issue.

That the appeal from the Probate Court does present the issue of the effect in law of the testamentary provision is clear. The order was made on the exception of the appellants to the order fixing the amount of the taxes to be paid on property, the legal title to which was placed in a trustee for the use and benefit of Matilda H. Schreiner for life and after her death for the payment to certain others for life or until marriage and then the entire estate was to be managed by the trustee, one-half of the income immediately paid to The Cincinnati Altenheim, a corporation not for profit, the sole purpose of which is to establish a home for aged and indigent men.

It will be sufficient to quote Item XXII of the will to disclose the state of the title intended to be created by the testator. It is:

"ITEM XXII. After the marriage or death of the last survivor of those receiving monthly or quarterly bequests, I then direct that the trust be continued under the name of the 'Oscar H. Cohrs Trust for Aged and Infirm Men' in perpetuity, and that one-half of the annual income of said trust fund be paid semi-annually to The Cincinnati Altenheim, Burnet & Elland Aves., Cincinnati, Ohio, to be used for the benefit of the inmates of said Altenheim, the other one-half of said income to be reinvested as heretofore set forth and added to the principal of the trust until said trust fund shall amount to the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00), after which time the said The Cincinnati

Altenheim is to receive three-fourths of the net income of said trust estate, the remaining one-fourth to be reinvested and added to the principal of said trust estate for the purpose of increasing said principal and to take care of any losses that might occur through the investment in securities of said trust.

In the event of The Cincinnati Altenheim, Burnet & Elland Aves., Cincinnati, Ohio, passing out of existence, I then direct that that part of the net income of said trust fund which The Cincinnati Altenheim is to receive be paid to its successors, and if none, then to some other non-sectarian institution of its kind and with the same provisions as heretofore set forth, the income to be used exclusively for the benefit and care of old men of the white race.

In the event that any beneficiary or any person herein named under this, my Last Will and Testament, shall directly or indirectly contest this will or dispute any clause or provision thereof, I direct that such beneficiary or contestant shall receive no part of my estate and that the provision made for such person or persons so contesting or questioning my will shall be added to the residue of my estate as though such contesting beneficiary had not been mentioned in my will."

It is clear that if the will is effective to create the "Oscar H. Cohrs Trust for Aged and Infirm Men", a charitable trust has been created.

Now it is provided by §5333, GC, that the succession to any property passing "for the use of an institution for purposes only of public charity charity carried on in whole or in substantial part within this state" shall be exempt from the inheritance tax. Notwithstanding the provisions of the will and this statutory exemption of charitable bequests, the Probate Court reached the conclusion that the entire remainder of the estate, after deducting certain specific bequests, ordered paid by the testator in advance of the creation of the trust fund, should be taxed "as though it will all pass to the nephew and sister." This conclusion could only be reached by disregarding the trust provisions in their entirety.

The Tax Commission of Ohio fixed the tax on the basis that the entire trust fund was subject to the tax, and the Probate Court, overruled the exceptions to the assessment so fixed. It can be seen that this result could be accomplished only by considering "Item XXII", and determining that for some reason the estate created or attempted to be created thereby was subject to the inheritance tax. A review of that determination, likewise from necessity, requires a consideration and construction of that testamentary provision. We shall not labor the point further, but proceed at once to a consideration of the validity of the provision.

(1) It is admitted that the testator intended to create a charitable trust. The contention is that the manner of carrying out this intent violates the law against perpetuities, found in §10512-8, GC, reading as follows:

"No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. All estate given in tail, by deed or will, in lands or tenements lying within this state, shall be and remain an absolute estate in fee simple to the issue of the first donee in tail. It is the intention by the adoption of this section to make effective in Ohio what is generally known as the common law rule against perpetuities."

By its own terms, it is a legislative declaration of the common law, and by its own terms it refers only to the time of the vesting of titles, and that was all the common law rule referred to. **31 O. Jur. 306, et seq.**

Estates vest immediately unless some obstacle prevents it. The law favors the immediate vesting of estates. **16**

O. Jur. 488, et seq.

And the policy of the law favors the vesting at the earliest possible date consistent with the language used in creating the estate. **16 O. Jur. 476.**

And in determining whether the provision violates the rule against perpetuities, there is no distinction between charitable and non-charitable purposes, except where there is shifting from one charity to another which is valid even though more remote than the period prescribed by the rule against perpetuities. In "The Rule Against Perpetuities" by Gray, at page 474, it is said:

"Now while it is true that the nature of charitable trusts makes them inalienable, and therefore perpetuities, in the natural sense of that term, it is by no means a necessary incident of charitable trusts that they should be allowed to begin in the remote future; or, in other words, that they should be exempt from the operation of the Rule against Perpetuities."

It requires only the reading of this provision of the will to reach the conclusion that the testator imposed no condition precedent to the vesting of this estate. The equitable estate will vest immediately upon the transfer of the legal title by the executor to the trustee.

(2) But the chief ground of objection to this trust is the provision requiring the accumulation of one-half of the income and its addition to the corpus until it totals $250,000.00, and, thereafter the use of one-fourth of the income to take care of losses and the increase of the principal. This is denounced as an attempet to create a perpetuity, but it has nothing to do with the vesting of the estate. Notwithstanding this provision for the management of the trust, the entire beneficial title had vested in The Cincinnati Altenheim and no one else is given any part of that beneficial interest, and no part of the benefit is withheld from it thereby. The rule against perpetuities, therefore, has no application.

There is no legal obstacle to the creation of a perpetual charitable trust. "A point which stands out clearly in the law is that charitable trusts may be created to endure forever, or for an indefinite period." 2 Bogart on Trusts, 1079.

The provision for accumulation of the income more nearly presents a case for a consideration of the rule prohibiting restraints on alienation, which is another and different rule of law. Restraints on alienation are not favored by the law and an attempt to impose such a restraint upon an absolute fee simple estate is void. **31 O. Jur. 330, et seq.**

But where property is placed in trust for a public charity, the purpose is definitely fixed and the management of the trust is necessarily left to the discretion of the trustee subject only to the observance of the terms of the trust instrument and the direction of the court. **31 O. Jur. 336.** There can be no doubt as to the validity of a provision that the corpus of the trust fund shall be preserved and only the income used. The preservation of the corpus necessarily requires the exercise of discretion and judgment in the prudent management of the trust, so that the corpus will not be impaired by expenditures as income that which can not be rightly called such in view of the trustor's mandate that the corpus shall remain intact. The provision in this will should be regarded as a prudent safeguard of the principal of this fund.

However, even should it be regarded as a plan which would if rigidly pursued inevitably result in the continuous enlargement of the fund in perpetuity, it

would not invalidate the charity. In "The Rule Against Perpetuities" by Gray, at page 525, it is said:

"But where there is an unconditional gift to charity, the gift will be regarded as immedite and good, although the particular mode of carrying out the charity which the donor has indicated is too remote. Consequently in such a case if a direction for accumulation is invalid the only result is that the income is immediately distributable in charity; the heirs or next of kin are not let in."

The rule is stated in 5 R. C. L. 303 that:

"If the direction for an accumulation is not a condition precedent to the vesting of the gift, the provision for accumulation does not render the gift invalid."

And, at 304:

"In those jurisdictions where there are no statutes restricting the right of a donor to provide for the accumulation of the whole or a part of the income of the charitable fund, such accumulations may be provided for and upheld within reasonable bounds. Of course it would not be proper to permit an accumulation perpetually, or for such a length of time as would defeat the charitable intention manifested by the donor. A provision for accumulation is not uncommon, and even though the time for the accumulation may extend beyond the time prescribed in the rule against perpetuities, it is not invalid. Thus a provision in an instrument establishing a charitable trust that a certain portion of the income shall be added to the principal of the trust fund each year is valid."

And if this provision be regarded as an unlawful attempt to restrain alienation, the charitable trust would take effect free of the restriction. 2 Bogert on Trusts, 1085. "The Rule Against Perpetuities" by Gray, at pages 521 and 522.

We have concluded for these reasons that this will created a valid trust for public charity and that it is not subject to an inheritance tax.

The Probate Court erred in assessing the tax on the basis of the taxability of the entire title, and its judgment in so doing must be reversed and the cause remanded to that court with instructions to assess the tax in accordance with this opinion. This is the form of the entry to be made in the appeal from the Probate Court.

(3) There remains the question of what entries should be made in the appeals from the court of common pleas in the action by the executrix for a construction of the provisions of this will and for instructions.

That an executrix has a right to maintain an action for a construction of the will by which she was appointed and under which she is acting is clear. By §10504-66, GC, it is expressly provided that any fiduciary may maintain such an action. An executrix is, of course, a fiduciary. §10506-1, GC. And this right is not limited to the construction of wills which create trust estates.

It is true, however, that such an action to construe a will not creating a trust is not a chancery suit, and, therefore, cannot be appealed to the court on law and fact. In such a case the review by this court is limited to questions of law.

The trial court (common pleas) refused relief because there was no present necessity, as The Cincinnati Altenheim will not be entitled to receive any part of the income until the termination of certain life estates. This ignores the necessity of determining the validity of the charitable trust in order to fix the amount of the tax.

Furthermore, there is no rule requiring the postponement of an action to

construe a will until the time when the trustee is required to act under the provision of doubtful meaning or validity.

It is true that the executrix will never be required to assume any responsibility in the administration of this charitable trust, but the validity of the entire trust—the preceding estates as well as the succeeding charitable bequest—is challenged. If that challenge should be sustained, then the executrix would be required to distribute the fund, not to the trustee in accordance with the will, but to the next of kin of the testator under the law as intestate property.

It can be seen that the executrix, as such, had a reason in the performance of her duty as executrix in securing a construction of the will.

For these reasons, a decree may be entered in the appeals from the court of common pleas construing the will in accordance with this opinion.

ROSS, PJ, and HAMILTON, J, concur.