SCHREINER, EXRX., APPELLANT, *v.* THE CINCINNATI ALTENHEIM ET AL., APPELLEES.

(Decided November 20, 1939.)

Mr. J. G. DeFosset, for appellant.

Mr. Oliver M. Dock and Mr. Charles E. Weber, for appellees.

MATTHEWS, J. This appeal on questions of law is from an order of the Common Pleas Court allowing a fee for services of the attorney for The Cincinnati Altenheim, a defendant in an action instituted by the executrix of the last will of Oscar H. Cohrs, to secure a construction of his will. After making specific bequests, approximating $10,000 directly to various legatees and devising a life estate in his real estate to his sister, Matilda H. Schreiner, whom he named executrix, the testator provided for the creation of a trust of the entire residue of his estate. The first beneficiary of this trust was his sister, Matilda H. Schreiner, to whom he gave the entire income for her natural

lifetime. He directed that after her death, twelve persons should receive varying amounts from the income during their respective lives, provided they remained unmarried. These annuities aggregate $3,300, payable in monthly or quarterly installments. If these annuities did not exhaust the income, the residue was directed to be credited to the corpus of the trust fund. Upon the death or marriage of the last survivor of these annuitants, the testator directed that the principal and any accumulated income should be continued as a trust fund under the name of "Oscar H. Cohrs Trust for Aged and Infirm Men" in perpetuity, and that one-half of the annual income of the trust fund should be paid semi-annually to The Cincinnati Altenheim, to be used for the benefit of the inmates of that charitable institution, and the other one-half should be reinvested and added to the principal of the trust fund until the trust fund should amount to $250,000, after which time, The Cincinnati Altenheim should receive three-fourths of the net income and the other one-fourth should be added to the principal and to take care of any losses that might occur through the investment of the trust funds.

Matilda H. Schreiner, the sister of the testator, and William H. Cohrs, his nephew, are his next of kin and heirs at law, and would have inherited in the event of total or partial intestacy.

The Tax Commission computed the inheritance tax on this estate on its entire value and the Probate Court overruled the exceptions of the executrix and Matilda H. Schreiner and William H. Cohrs thereto. These parties appealed separately from this order to this court.

Prior to the proceedings to fix the inheritance tax, the executrix filed an action in the Common Pleas Court for a construction of the terms of this will. That court concluded that the action to construe had

been instituted prematurely as to the trust provisions and therefore declined to construe them.

Appeals on law and fact from that order were taken to this court by Matilda H. Schreiner, both individually and as executrix, and also by William H. Cohrs, the nephew.

All four appeals were heard together in this court. The contention of the Tax Commission was that the limitations in the provisions in favor of The Cincinnati Altenheim violated the rule against perpetuities and the rule prohibiting restraint on alienation. Attorneys representing Matilda H. Schreiner and William H. Cohrs expressed the view that the contention of the Tax Commission was sound. Counsel for The Cincinnati Altenheim filed a brief in favor of the validity of the bequest to his client. This court sustained the validity of all the provisions of the will. A decree to that effect was entered in the appeal from the Common Pleas Court and a judgment reversing the order fixing the inheritance tax was rendered in the appeals from the Probate Court (*Schreiner v. Cincinnati Altenheim,* 61 Ohio App., 344, 22 N. E. [2d], 587).

The Tax Commission and William H. Cohrs filed motions in the Supreme Court to require this court to certify its record for review. Counsel for The Cincinnati Altenheim filed a brief in that court in opposition to the motions and made an oral argument to that effect. The Supreme Court overruled the motions.

This court remanded the action to construe the will to the court of Common Pleas, with instructions to carry the judgment rendered by this court into execution. Thereafter counsel for The Cincinnati Altenheim filed an application for compensation for services rendered in these cases. In this application it was alleged that the Probate Court in fixing the inheritance tax on the whole estate had found against the validity of

the entire trust, that the services of the applicant had resulted in a judgment declaring the trust to be valid and that all the beneficiaries of the trust had been benefited by such services. He alleged that The Cincinnati Altenheim, by resolution of its board of directors, had requested the court to fix his compensation.

The plaintiff demurred to this application. This demurrer was overruled.

The application then came on for hearing, at which evidence was introduced upon the subject of the value of the services. The court found that the net amount of the trust estate was $150,000, and basing its conclusion on that premise awarded a fee of $22,500, and rendered a judgment against the estate for that sum and ordered the executrix to pay the judgment and charge it against the estate.

It is from that order that this appeal was taken.

■ It is urged that the Court of Common Pleas has no jurisdiction to award compensation in any action to construe a will. We had this subject under consideration in *Fifth-Third Union Trust Co., Trustee,* v. *Davis,* 55 Ohio App., 377, 10 N. E. (2d), 4, and reached the conclusion that where a testamentary trustee prosecuted an action to obtain a construction of the trust provisions of the will, the court had jurisdiction to award compensation to attorneys for services in assisting in the correct construction of the instrument. The cases supporting that conclusion were cited. A re-examination of the question in the light of the arguments made in this case has not caused us to reach a different conclusion. However, in that case, contrary to the situation in the case at bar, neither the trustee nor counsel for the trustee objected to a division of the compensation between them and an attorney for a defendant who had assisted in reaching the correct conclusion. It is the executrix and her counsel who are objecting to this allowance to the attorney for The Cincinnati Altenheim, one of the defendants. It re-

mains to determine whether the court may in the exercise of a sound discretion award a part of or all the compensation in such a case to an attorney for a defendant over the objection of the fiduciary and her counsel who instituted the action and took all the necessary proceedings to present the question to the court for its determination. The cases cited in *Fifth-Third Union Trust Co.* v. *Davis, supra,* support the conclusion that in a proper case such an allowance may be made to attorneys for defendant. Authorities to this effect are collected in the annotation to *In re Gratton's Estate* (136 Ore., 224, 298 P., 231), in 79 A. L. R., 517, at 541. Whether this is a proper case for the exercise of such jurisdiction remains to be considered.

It is undisputed that the attorney for the executrix performed all the services necessary to present this question to the court; that he prepared and filed the petition, correctly setting forth the provisions of the will to be construed; that he brought all persons having any interest in the issue into court; and, when the Common Pleas Court disclaimed jurisdiction, saved the right of appeal and appealed the case to this court, in which he performed all the services necessary to secure a construction of the will. All this is true.

But, it is pointed out that the executrix would benefit individually by a construction of the will that would invalidate the trust provisions, that her attorney as executrix was also her attorney in her individual capacity, and, that, for that reason, his argument and citation of authorities indicated a view inconsistent with the validity of the trust. To a limited extent, this is also true. It, therefore, raises the question of whether when an attorney for a fiduciary performs all the necessary services to properly present the issue to the court, but, because he represents a litigant in addition to the fiduciary, whose interest is antagonistic to the validity of the trust, and for that reason presents that view to the court, that fact precludes al-

lowance to him of any compensation for services, and entitles an attorney for a beneficiary who had no divided allegiance, and for that reason presented the cause of the beneficiaries in a more partisan fashion, to the compensation that would otherwise be awarded to the trustee's attorney.

We know of no rule of law or ethics that precludes an attorney from representing an executrix who would benefit by the setting aside or invalidation of the will. Certainly, the testator by naming the heir as executrix under such circumstances did not see any ineligibility resulting from the dual relationship which he had created. The right of the executrix to act as such could not be successfully challenged on the mere ground of incompatibility of the dual positions. If her right could not be challenged on that ground, how can the position of her attorney be challenged because of representing antagonistic interests resulting solely from an antagonism created by the testator himself? Matilda H. Schreiner as executrix was bound to an impartiality of attitude in administering her trust. Through her attorney, she fully performed this duty. She performed every act necessary to preserve the rights of those claiming under this will until a judicial determination could be obtained. And she performed every act necessary to present the issue of the construction of the will to the court, and prosecuted it until a construction favorable to the validity of all its provisions was obtained. Her attorney performed that service in her name, and, certainly, he should not be deprived of reasonable compensation because the law has sanctioned the appointment of a fiduciary, whose duties as such conflict with her personal pecuniary interests. He certainly violated no canon of ethics. And if he is to be paid no compensation for that service, no compensation should be awarded to any other attorney for such services. The trial court failed to take this into consideration in determining the amount of the award.

Lastly, it is pointed out, that an award payable out of the estate generally imposes a part of the burden upon Matilda H. Schreiner, who would have benefited by the invalidation of the trust. This is true. Had this trust provision been inoperative, she would have inherited an undivided one-half of the estate, which would, undoubtedly, have been of more value than a life estate in the whole. And it is clear that payment of this sum from the principal of this estate reduces, *pro tanto,* the corpus of the estate in which she is given a life estate, and has decreased to that extent the principal from which she would receive income during her life under the provisions of the will.

And as the intervening annuitants are given definite sums and the estate, reduced by the amount of the fee allowance, is still large enough to produce an income sufficient to pay them this allowance, the allowance affects only Matilda H. Schreiner and The Cincinnati Altenheim, and as the former was not benefited, we have a case of an application for compensation from the trust fund by the attorney for services rendered by him which redounded to the sole benefit of the client by whom he was employed.

The basis for the allowance of a fee out of the fund under the control of the court is that benefit resulted to others than the employing client, and that to require such client to bear the whole burden of the fee would unjustly enrich such other persons. The allowance out of the fund is to prevent that inequity. It cannot be said in this case, as it was in *Wallace* v. *Fiske,* 80 F. (2d), 897, 107 A. L. R., 726, that Matilda H. Schreiner has accepted, or will accept benefits from the services of the attorney for The Cincinnati Altenheim. In that case, the remaindermen would have taken nothing otherwise, whereas, in this case, Matilda H. Schreiner would have taken a more valuable interest.

The facts in this case, as has been shown, do not

bring the case within the letter or the reason of the rule.

After careful consideration of the precedents in such situations, we have reached the conclusion that the right to compensation for services rendered in this case depends entirely upon the contract, express or implied, between the attorney and his client, The Cincinnati Altenheim, and that this is not a case for an award out of the fund under the control of the court, and that the Court of Common Pleas erred in fixing the amount of compensation, and directing the executrix to pay the same out of the trust funds. Reaching this conclusion, it is unnecessary to pass upon the reasonableness of the allowance.

For these reasons, the judgment is reversed, and the cause remanded with instructions to overrule the application for compensation.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and ROSS, J., concur.