(No. 27003.—Judgment affirmed.)

THE FIRST NATIONAL BANK OF CHICAGO, Trustee, Appellee, *vs.* ABRAHAM S. HART *et al.*, Appellants.

*Opinion filed May 20, 1943—Rehearing denied Sept. 15, 1943.*

ROSENTHAL, ELDRIDGE, KING & ROBIN, (LESSING ROSENTHAL, F. HOWARD ELDRIDGE, and GEORGE W. GALE, of counsel,) for appellants.

MAYER, MEYER, AUSTRIAN & PLATT, (CARL MEYER, DONALD M. GRAHAM, and BENJAMIN A. RAGIR, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The plaintiff, as trustee of a trust fund created for the benefit of the grandchildren of Max Hart, deceased, sued to recover from defendants as contribution, the difference in amount of inheritance tax nominally assessed against the interests represented by the plaintiff and the amount charged against such interest in final distribution of the estate of Max Hart.

The circuit court of Cook county rendered judgment against each of defendants Abraham S. Hart and Maxine Hart Spitz in the sum of $14,864.47, being one half of the sum of $23,306.66, the difference found by the court to be due plaintiff, together with interest thereon to the date of judgment. The defendants appealed to the Appellate Court, First District, where the judgment of the

circuit court was affirmed. The cause is here on leave to appeal granted.

The facts upon which this case is based are not in dispute and are as follows: Max Hart died testate in Chicago, Illinois, February 22, 1928, leaving him surviving his wife, Rebecca Hart, his son, Abraham S. Hart, his daughter, Maxine Hart Spitz, and two grandchildren, James Max Hart, Jr., and Richard Foreman Hart, children of a deceased son, James Max Hart. Defendants, Abraham S. Hart and Maxine Hart Spitz, are the appellants, and James Max Hart, Jr., and Richard Foreman Hart are the beneficiaries of the Max Hart Grandchildren's Trust, of which plaintiff, appellee, is trustee. The will of Max Hart was duly admitted to probate and Rebecca Hart and Lessing Rosenthal were appointed executors thereof.

The Max Hart will, after specific gifts to his wife, free of inheritance taxes, gave all the rest, residue and remainder of his estate to trustees of a trust created under the 5th section of the will, the trust being known as the "Max Hart Residuary Trust." Under the terms of the trust, the trustees were required to pay the entire income from the trust *res* to Rebecca Hart during her life, and after her death to stand possessed of the trust estate and its income for all or such one or more of the children or remoter issue of the testator in such shares and subject to such trusts and provisions as Rebecca Hart might by deed or will appoint. In event the power of appointment was not exercised, the will made disposition of the trust *corpus*. This alternative provision of the Max Hart will did not come into effect, as Rebecca Hart by her will exercised the power.

An inheritance tax was, on September 29, 1930, assessed against the interests of the beneficiaries and paid by the executors. The total inheritance tax amounted to $530,685.17, of which $107,656.81 was assessed against the interest of each of the defendants and $36,348.41

against the interest of each of the two children of the deceased son of the testator. The balance was against the interest of the widow, Rebecca Hart. The executors also paid the Federal estate tax which was assessed at $647,810.73, against which a credit of 80 per cent thereof, or $518,248.58, was allowed by reason of inheritance tax paid, leaving a balance of Federal estate tax paid the sum of $129,562.15.

Rebecca Hart died testate December 29, 1933. By the 9th section of her will she exercised the power of appointment given her by the Max Hart will and directed that the surviving trustee of the Max Hart Residuary Trust stand possessed of the trust estate for the children of Max Hart surviving her, and the descendants living at her death of any deceased child, such children and descendants to take *per stirpes,* not *per capita,* subject however to the restrictions, provisions and trusts contained in sections 10 and 11 of her will. By section 10 a special trust was created to hold and manage the shares of Hart, Shaffner & Marx stock held by the trustees of the Max Hart Residuary Trust until January 2, 1940, and at that time to distribute same to beneficiaries named in section 9, provided that the shares distributable to descendants of deceased children of Max Hart be transferred to the trustee of the Max Hart Grandchildren's Trust created by section 11. Neither the Max Hart will nor that of Rebecca Hart contained any provision relating to or authorizing the payment of Illinois inheritance taxes by the executors or trustees named therein, insofar as the taxes due from beneficiaries of the Max Hart Residuary Trust are concerned. Specific bequests were, however, specifically exempted from tax payments.

The gist of the complaint of the plaintiff, as trustee of the grandchildren's trust, is that in making final distribution of the Max Hart Residuary Trust pursuant to the appointment contained in the will of Rebecca Hart, the re-

maining trustee failed to properly apportion the inheritance tax against the respective interests of the distributees before distribution, and it seeks, on behalf of its beneficiaries, a contribution to the extent that defendants' shares in such final distribution were enhanced by reason of the fact that proper deductions for inheritance taxes were not made.

The amount of inheritance tax assessed against the one-third interest of the two grandchildren was $72,696.82, while the one-third interest of each of the defendants bore an inheritance tax of $107,656.81. This was due to the fact that the accumulated exemptions of the two grandchildren and the resulting lesser rate of assessment amounted to a difference in the tax which inured to their benefit. The full amount of inheritance tax against the interests of defendants and plaintiff was $288,010.43. In making distribution one third of the total tax was charged against the interest of each of the defendants and one third against the plaintiff as trustee. In other words, instead of charging the grandchildrens' trust with $72,696.82, it was charged, as was each of the defendants, with the sum of $96,003.48, which appellee says was $23,306.66 more than should have been charged against the grandchildren's trust, and therefore it is that amount which it seeks to recover.

The defendants contend that the trustee made a proper distribution, and even if it were not so, the defendants, by reason of having paid the larger part of the inheritance tax, procured for all beneficiaries the larger per cent of credit on the Federal estate tax, all of which was charged against the *corpus* of the Max Hart trust and that if plaintiff's contention be correct and defendants are given proper credit for the proportionate amount of the Illinois inheritance tax paid and used as credit on the Federal estate tax, the sum total owed plaintiff by each of the defendants would be $546.19.

The argument here is that when Rebecca Hart made her appointment, she chose to treat the *corpus* of the estate

as a unit; that when she directed the method by which the distribution should be made she, having been one of the executors who paid the taxes, made such appointment or distribution with the purpose in mind that the taxes should be shared equally; that the estate which she took over was what was left after the payment of all taxes and all that passed to the trustees of the Max Hart Residuary Trust upon her death was the balance on hand after the payment of taxes and other expenses. It is also urged that as Rebecca Hart could legally dispose of, by appointment, only such of the *corpus* of the residuary trust as was actually on hand, at the time the appointment was made, she intended to distribute only such remainder.

On the other hand it is pointed out by the appellee that the amount of the inheritance taxes to be paid could not be finally determined or adjusted until such time as it became known what Rebecca Hart, in the exercise of the power of appointment in her will, would do with the trust *res*, and that had she chosen to distribute the residuary trust otherwise than as she did, as she had power to do, there might have been no inheritance tax collectable from the interests of some of the beneficiaries, and therefore it could not be said, until she made her appointment, what the inheritance taxes would be. Counsel for appellee also cite the general rule that inheritance taxes are assessed against the interest of the beneficiaries and not against the estate. Inheritance taxes are customarily paid by executors who, prior to distribution of the estate, deduct from the share of the beneficiaries the tax assessed against such share, and it seems quite clear that such deduction in this case could not be made until it was determined on the death of Rebecca Hart who the beneficiaries would be. The fact that they were the same persons who were, by the will of Max Hart made beneficiaries, and in the same proportion, does not affect the conclusion that until she

did make her appointment the taxes could not be determined.

It seems clear, therefore, that Rebecca Hart could not have contemplated that she was ordering an equal distribution of the residue of the estate of Max Hart after the payment of all taxes, including inheritance taxes against the interests of the beneficiaries. Since this is so, there appears to be no reason why the general rule requiring that inheritance taxes be charged against shares of the beneficiaries should not obtain, or that such taxes should be charged against those shares in any different manner than that provided by law.

It will be noted that neither the Max Hart will nor that of Rebecca Hart, made the inheritance tax an equal prorata charge upon the shares of each of the beneficiaries. In fact nothing is said in either will about how such inheritance taxes should be paid or charged. While each had the power so to do, the fact that neither made reference to the payment of those taxes is strongly persuasive of the fact that Rebecca Hart did not intend that a different procedure should be followed in the charging of the inheritance taxes than that which obtains under the general rule. Inheritance taxes are taxes upon the right of succession and do not constitute an estate tax. *People* v. *Union Trust Co.* 255 Ill. 168; *People* v. *Varel,* 351 Ill. 96; *People* v. *Estate of Strom,* 363 Ill. 241.

The Illinois Inheritance Tax Act intends that the beneficiary shall be taxed only on the beneficial interest he has received and the administrator or executor can retain from his legacy only the amount of inheritance tax due on that legacy. *People ex rel. George* v. *Nelms,* 241 Ill. 571; Cahill's Ill. Rev. Stat. 1927, chap. 120, par. 399, sec. 4.

Appellants argue that proper construction has not been given by the Appellate Court to the words *"per stirpes"* in section 9 of Rebecca Hart's will. They say that those

words convey the intent of Rebecca Hart to divide the fund actually on hand in the trust, equally among the children of Max Hart, the grandchildren James and Richard to take their deceased father's equal one-third share of the residuary trust. However, counsel lose sight of the fact that the executor could legally pay only the testator's debts and lawful expense of administration, including the Federal estate taxes, though he may and usually does advance for the beneficiaries the inheritance tax assessed against the interest of each. The balance remaining after payment of expenses, including the Federal estate tax, constituted the trust fund to be divided *per stirpes* as provided by appointment of the will of Rebecca Hart. Under the rule requiring inheritance taxes to be paid by the beneficiaries receiving beneficial interest, such taxes cannot be considered as the expense of the estate to be deducted from the *corpus* of the residuary trust. While in this case the executors, with complete propriety, advanced from the estate funds the inheritance taxes assessed individually against the beneficiaries, the distributive shares of those beneficiaries are to be charged with the amount of the tax assessed against them, so that the residuary estate passing from the executor of the Max Hart will to the trustees of the Max Hart Residuary Trust included not only the balance on hand after the payment of inheritance taxes and other claims, but included also the claim of the executor against each of the beneficiaries to the amount of inheritance taxes assessed against the share of such beneficiaries and advanced by the executor. We are of the opinion therefore that under any applicable method of calculation the plaintiff as trustee of the grandchildren's trust is entitled to a contribution from the defendants for the amount over and above what should have been charged against the grandchildren's interest.

Defendants argue that even if this be so, yet because of the credit of 80 per cent allowed upon the Federal tax

against the estate, by reason of State inheritance tax actually paid, of which defendants were assessed the larger part, they contributed more to the satisfaction of the common burden than the appellee's beneficiaries, and are therefore entitled to contribution from appellee for an amount equal to the proportionate amount which appellee's shares were enhanced by reason of such payment by defendants. Defendants argue that as the Federal estate tax is a general charge against the estate, so that the ultimate burden of the tax falls upon the residuary estate, (*People* v. *Pasfield,* 284 Ill. 450; *People* v. *McCormick,* 327 Ill. 547,) and defendants paid the larger sum thereof, they should be entitled to a credit. Counsel cite *Riggs* v. *Del Drago,* (decided November 9, 1942) 317 U. S. 95, 87 L. ed. 69, as authority for this contention. In that case the United States Supreme Court held constitutional a New York statute which provided that the beneficial shares of an estate shall bear proportionate shares of the Federal estate tax. The court there stated the law to be that the Federal estate tax should be paid out of the estate as a whole and that the applicable State law as to the devolution of the property at death should govern the distribution of the remainder. It is sufficient to observe, however, that this State has no provision in its laws relating to the incidence of the burden of Federal estate tax and it must therefore fall directly upon the *corpus* of the estate and be considered an item of expense, such as debts, funeral expenses, and the like. The fact that inheritance taxes are allowed as a credit on Federal estate taxes, does not alter the situation with respect to the nature and effect of the two taxes. In the absence of statutory enactment directing otherwise, the Federal tax must be considered as a charge against the whole of the estate and not against the individual shares, (*Riggs* v. *Del Drago,* 317 U. S. 95,) unless otherwise specifically directed by the testator. (*Young Men's Christian Association* v. *Davis,* 264 U. S.

47, 68 L. ed. 558.) Appellant's contention, if followed, would result in disregarding the established natures of the two taxes, giving to the Federal tax the character of a succession tax and to the inheritance tax the character of an estate tax, contrary to the express legislative intent to assess the inheritance tax only upon the amount of the estate distributed to the taxpayer.

We are of the opinion that the judgment of the circuit court was correct and that the Appellate Court was right in affirming it. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*