McKITRICK, Estate of, In re.

Probate Court, Franklin County.

No. 170372. Decided December 28, 1960.

*Mr. Hylas Hilliard*, for executrix.
*Messrs. Boehm & Rance*, for John L. McKitrick.

For further history see *Omnibus Index* in bound volume.

WALCUTT, J. This matter came on for hearing on an application for instructions to determine whether attorney fees paid for representation in a federal estate tax determination are chargeable against the assets of the probate estate when the burden of the estate tax would have fallen solely on the beneficiary of non-probate property.

The decedent died at Dublin, Ohio, on March 18, 1956.

The widow was appointed executrix of the decedent's will

on April 25, 1956. The estate was fully administered and closed on January 21, 1958. A total federal estate tax of $1,085.00 was paid on includible probate real estate valued at $97,000.00, and non-probate assets valued at $21,448. For their legal work in the administration, the Court approved reasonable attorney fees of $2,500.00 for Messrs. Elliott, Hilliard and Martin.

After the executrix had been discharged, on February 4, 1959, the Internal Revenue Service notified the executrix of its proposed claim for additional estate taxes, based upon suggested additional inclusions of non-probate assets of approximately $250,000.00. All of the additional tax cost would have fallen on John L. McKitrick, son of the decedent, since in each instance the aditional assets had passed only to him. In one case $41,200 in government bonds had passed to him as joint and survivorship property; in the other two, real estate of $66,600.00 and personalty of $83,250.00 had been transferred to him during the decedent's lifetime under circumstances which caused the government to contend that they were able because of retained interests.

On the advice of counsel, Richard Theodore Boehm was retained as special counsel to handle the dispute with the Internal Revenue Service. The case was disposed of by the inclusion of $20,495 of additional non-probate assets, which the Service held had passed to John L. McKitrick, subject to a retained interest in the decedent, resulting in an additional Federal estate tax of $5,240. For his services, John L. McKitrick paid a reasonable fee of $6,000.00 to Mr. Boehm.

The son and the executrix have joined in asking this Court to instruct them whether tax dispute counsel fees can be recovered as administration expense against the probate estate. If recovery is allowed, it will become a charge against the probate assets generally.

The will of the decedent required that "all (of his) just debts and funeral expenses be paid out of (his estate) * * *." This general direction was not sufficiently precise to indicate that the decedent intended to depart from the normal result that the cost of federal estate taxes on non-probate property does not fall on the estate. *In re Estate of Gatch*, 153 Ohio *St.*, 401 (1950). Especially is this so since the decedent gave

all personalty to his wife and each parcel of real estate was specifically devised. Compare *Ginder* v. *Ginder*, 72 Ohio Law Abs., 277 (Franklin County Probate Court, 1954). If the decedent had considered the results, he would have known that he would leave insufficient probate personalty to discharge an additional large obligation of federal estate taxes on non-probate assets.

We cannot construe this debt provision as broad enough to reverse the usual result that the burden of federal estate taxes resulting from non-probate assets does not fall on the probate estate. It is obvious that no such federal estate tax was even considered by the decedent, and that therefore there could have been no intention to burden the probate estate with the non-probate taxes.

If these special counsel fees are ''just debts * * * (of this) estate'' or an ''expense of administration,'' either the will or the statute grants adequate authority to require the executrix to pay them as estate costs. Section 2113.36, Revised Code. This in turn depends upon whether the services were a debt or were for the benefit of the estate as a whole or for its beneficiaries generally. If the services were for one segment or for one beneficiary alone, the attorney fees are not a proper charge against the probate estate. *Kirkbride* v. *Hickok*, 155 Ohio St., 165 (1951). The person benefitted must himself pay the attorney fees for the services which are principally for his protection. *In re Estate of Hughes*, 78 Ohio App., 143 (Butler County Court of Appeals, 1946); *Schreiner* v. *Cincinnati Altenheim*, 63 Ohio App., 42 (Hamilton County Court of Appeals, 1939).

Furthermore, once this Court has determined that the benefits from an attorney's services were performed for the benefit of beneficiaries of non-probate property, the Court has exhausted its probate jurisdiction to order contribution against the non-probate beneficiaries. *In re Estate of Colosimo*, 104 Ohio App., 342 (Montgomery County Court of Appeals, 1957); *In re Estate of Whinery*, 26 Ohio Law Abs., 347 (Columbiana County Common Pleas Court, 1938).

The fact that New York has acted by special statute to reconfer partially this authority on its surrogates only serves

to underscore our own conclusion as to our limited authority in such circumstances. *New York Decedents Estate Law,* Section 124 (7). For recent instances where the surrogates court has exercised limited authority to order attorney fees paid out of non-probate assets, see *Estate of Beatrice Marvis,* New York County Surrogate's Court, *New York Law Journal,* May 23, 1960, page 13; *Matter of A. C. Walsh,* Nassau County Surrogate's Court, New York Law Journal, April 26, 1960, page 15.

Since the burden of the attorney fees ought to fall upon those who benefitted thereby, we must examine whether these services benefitted the estate generally. The estate tax would have been based upon includible values which passed solely to John L. McKitrick as non-probate property from the decedent by lifetime arrangements. As it finally worked out, the only additional estate tax liability which arose out of the estate tax dispute fell upon non-probate assets. (It is the Court's understanding that the inclusion of other additional disputed items was not contested by tax counsel because its practical effect was cancelled out by a corresponding increase in the marital deduction.)

These circumstances clearly invoke the doctrine of equitable contribution which requires that all probate and non-probate beneficiaries alike who receive assets subject to federal estate tax from a decedent must contribute their respective proportionate share of the federal estate tax. *MacDougall* v. *Central National Bank of Cleveland,* 157 Ohio St., 45 (1952); *Hall* v. *Ball,* 162 Ohio St., 299 (1954); Anno.: *Ultimate burden of estate tax in absence of statute or will provisions,* 37 A. L. R. 2d 169 (1954); compare *In re Estate of Gatch, supra.*

As applied to this case, the equitable contribution doctrine would have resulted in the imposition against John L. McKitrick as his personal obligation whatever additional federal estate tax might have been ultimately assessed. Since his interests only were at stake, it was solely his concern to pay the fees of counsel to protect himself. In fact, had the executrix paid attorney fees which were properly his expense as an individual beneficiary, the estate would have been entitled to reimbursement from the beneficiary. *Doty* v. *Peters,* 106 Ohio App., 435 (Madison County Court of Appeals, 1959). Even

though the surviving spouse as executrix had a personal liability under federal law as executrix to discharge any additional unpaid tax (31 U. S. C. Sections 191 and 192), under the contribution doctrine, she would have had a corresponding right of contribution to recover them from John L. McKitrick.

It is therefore our opinion that John L. McKitrick was the sole beneficiary of relief from proposed taxation and that the burden of the additional estate tax defense costs fell solely on him. Accordingly he has no right to recover the cost against the probate estate as expenses of the administration of the probate estate.

An entry may be drawn in accordance with these findings.