ROSE ALMA CLOUTIER, executrix, *vs.* RAYMOND E. LAVOIE & others.

Hampshire.    September 29, 1961. — November 3, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Executor and Administrator,* Counsel fees, Insolvent estate.

The record in a proceeding to settle the account of the executor in a small, insolvent estate disclosed no ground for disturbing action by the judge allowing as "the fair and reasonable fee for legal services" rendered to the estate only one-ninth of the fee of the attorney for the estate set forth in Schedule B, and disallowing the rest of the fee as "fairly [to] be charged to" property of great value jointly owned by the testator and his wife which had occasioned "valuable service" on the part of the attorney in connection with Federal and State death taxes.

PETITION, filed in the Probate Court for the county of Hampshire on November 26, 1958, for allowance of an account.

The case was heard by *Cook,* J.

*Salvatore C. Scuderi,* (*Donald P. Conway* with him,) for the accountant.

*Howard D. Barger,* (*Edwin P. Dunphy* with him,) for the respondents.

CUTTER, J. This is an appeal by Mrs. Cloutier from a decree of the Probate Court, allowing her first account as executrix of her husband's will, subject to a reduction of legal fees shown in Schedule B from $4,500 to $500. The estate had been represented insolvent. If the full amount claimed in Schedule B for legal fees had been approved, there would have been a balance (Sch. C) of $156.81 to meet over $7,000 of allowed claims. After the reduction of the legal fees, this balance available for creditors became $4,156.81.

The following facts appear from the report of material facts. The executrix and the testator "jointly held real estate in the amount of approximately $100,000. No legal fees were paid from this amount to the attorney who represented the estate, although . . . [this] attorney filed both [F]ederal and [S]tate tax returns and performed valuable service with reference to the jointly held property." No evidence was offered that the legal services "were outside of or in addition to the normal and usual services given by an attorney in the settlement of an average estate." The probate judge found that "the fair and reasonable fee for legal services should be $500" and that $4,000 "should fairly be charged to the joint property."

The executrix was required to file a Federal estate tax return because the gross estate, taking into account the joint property, exceeded $60,000. See Int. Rev. Code of 1954, 26 U. S. C. (1958), §§ 2040, 6018 (a) (1). The obligation to pay the Federal estate tax, if any, rested on the executrix. See Int. Rev. Code of 1954, § 2002. She might have been subjected to criminal penalties (see Int. Rev. Code of 1954, § 7203) if she had wilfully failed to make a return. It was proper for the executrix to use the services of an attorney in making out returns for Federal and State estate, inheritance, and other death taxes, and in settling such taxes.

In the first instance, at least, the reasonable charges for such services are to be made to the executrix even if the re-

turns are occasioned by the existence of assets not within the probate estate (e.g. jointly held property, the corpus of a revocable trust, life insurance, gifts in anticipation of death). See *Vaughan* v. *Smith,* 335 Mass. 418, 420. The *Vaughan* case, however, recognized that, in some circumstances, such services more appropriately should be charged ultimately to nonprobate assets or to some person other than the executrix and may not be fairly and reasonably chargeable to the probate estate.[1] In that case, the probate judge had allowed an administratrix's account in a solvent estate. The account showed in Schedule B the payment of a substantial attorney's fee. A large part of the attorney's services had been necessitated by Federal tax problems which arose solely because there were significant nonprobate assets. The decree allowing the account was affirmed, but the opinion of this court pointed out that, upon the closing and distribution of the estate, it could be settled "[w]hat part of the counsel fees, if any, should be chargeable" to the intestate's widow who received nonprobate assets which occasioned the tax returns. See G. L. c. 215, § 39A (as amended through St. 1951, c. 80). Cf. *Miller* v. *Stern,* 326 Mass. 296, 300–305.

In the present case, the judge's finding "that the fair and reasonable fee for legal services" to the estate was $500 is conclusive. See G. L. c. 206, § 16 (as amended through St. 1949, c. 140), which provides that an executor "shall be allowed his *reasonable* expenses, costs and counsel fees incurred in the execution of his trust . . . as the court may allow . . ." (emphasis supplied). The evidence is not reported. The judge's subsidiary findings are consistent with, and support, his conclusion that $500 was a reasonable fee to charge to the probate estate. The probate estate was small and would have been insolvent even if no counsel fee had been paid from it. The legal services, necessary with respect to the probate estate alone and tending

---

[1] It does not appear from the record that the testator had directed in his will that the probate estate or nonprobate assets should bear the burden of particular death taxes or expenses. Accordingly, we need not consider the effect of any such direction.

directly to benefit that estate, have not been shown to have had a value in excess of $500. At least as to an insolvent estate, the judge could reasonably conclude that it was inequitable to charge the small probate estate with the expenses of settling taxes due because of substantial nonprobate assets which creditors of the testator might not be able to reach. These expenses were of benefit principally to the executrix herself as recipient of her husband's nonprobate assets. Without any intimation as to the principles which would govern a solvent probate estate, we hold that the probate judge, in fixing the fee chargeable to this probate estate, was entitled to take into account the circumstances outlined above.

The apportionment of estate taxes between the probate estate and nonprobate assets is specifically authorized by statute. G. L. c. 65A, §§ 5 and 5A (as amended through St. 1948, c. 605, §§ 1, 2), and § 5B (inserted by St. 1943, c. 519, § 1). We recognize that these statutory provisions do not purport to deal with the apportionment of counsel fees related to estate tax proceedings, and that, prior to the enactment of a predecessor of these statutory provisions, such an apportionment of estate taxes was not permitted. See *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471, 475–476; *Isaacson* v. *Boston Safe Deposit & Trust Co.* 325 Mass. 469, 474; Newhall, Settlement of Estates (4th ed.) § 164. The action of the probate judge (see G. L. c. 206, § 16, as amended), however, was entirely consistent with the legislative policy of equitable apportionment found in c. 65A, §§ 5–5B.

We have given consideration to decisions elsewhere presenting similar questions. See *Estate of McKitrick,* 15 Ohio Op. 2d 274, 275–276 (Pro. Ct.). In New York by statute (Deced. Est. Law, § 124, subdiv. 7, as amended by Laws 1950, c. 822, § 1) a comparable result can now be reached. See *Matter of Mervis,* 26 Misc. 2d (N. Y.) 942, 943–944 (Surr. Ct.). Cf. *Matter of Walsh,* 23 Misc. 2d (N. Y.) 873, 876 (Surr. Ct.).

*Decree affirmed.*