*In re* Estate of EVA VAN DUSER, Deceased—(KATHERINE POWERS *et al.,* Respondents-Appellants, *v.* ETHEL VAN DUSER, Petitioner-Appellee.)

(No. 59446;

First District (4th Division)—May 22, 1974.

William Sulkin, of Chicago, for appellants.

Richard G. Kahn and McLaughlin, Kinser & Bryant, both of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order of the Probate Division of the Circuit Court granting the motion of appellee, Ethel Van Duser, to apportion payment of Federal estate taxes.

The facts giving rise to the motion are these: Eva Van Duser died intestate. Her gross probate estate consisted of approximately $25,000 in personal property and $40,000 in real estate. Her only two heirs at law are her sisters, Ethel Van Duser and Katherine Powers. They are each to receive 50% of the probate assets. Sue Hicks, a daughter of Katherine Powers, was appointed administrator of decedent's estate.

In addition to the above assets, there were other amounts of personal property in joint tenancy at the time of decedent's death held in the name of the decedent and her sister Katherine Powers, her sister's children, and her sister's grandchildren as follows:

| | |
|---|---|
| Katherine Powers | $127,096.73 |
| Sue Hicks | 18,810.80 |
| Gary Hicks | 6,973.50 |
| Janet Hicks | 7,032.60 |
| Jonathan Hicks | 3,111.24 |
| William Hicks | 3,111.24 |
| Robert Hicks | 3,404.49 |
| TOTAL | $169,540.60 |

(Each of the above-named Hicks is either a child or grandchild of Katherine Powers, one of decedent's two sisters.) These assets, passing in joint tenancy to the designated surviving joint tenants, are not part of the probate estate.

The total Federal estate tax on the decedent's estate is $39,667. Since joint tenancy property is considered part of a decedent's estate for purposes of determining Federal tax liability, this total amount of tax liability was generated proportionately by the amount of the property passing in joint tenancy. According to the figures contained in the Probate Division's order of August 6, 1973, and adopted in appellants' brief, 77.2% of the $39,667 tax liability—or $30,623—was generated by the $169,540 passing in joint tenancy.

On May 11, 1973, based on the above facts, Ethel Van Duser, as heir of 50% of the probate estate, filed her motion to apportion payment of the Federal estate tax due by reason of decedent's death so that the surviving joint tenants would be directed to pay their equitable shares. The administrator, Sue Hicks, filed an answer to the motion admitting the allegations in the motion, but stating that, according to the law in Illinois, only the assets of the estate should be used to pay the Federal estate tax and not the assets outside the estate—the latter here being the property held in joint tenancy.

On August 1, 1973, an order was entered allowing the motion to apportion payment of the Federal estate tax. The named surviving joint tenants were ordered to pay to the administrator their respective proportionate shares of the tax in the same amounts which they would have contributed if they had received their respective amounts as heirs of the decedent instead of as surviving joint tenants. Another order was entered which recited that the total Federal tax amounted to $39,667 and set forth the amount to be paid by each person involved. On August 8, 1973, Katherine Powers and Sue Hicks filed an appeal from the entry of the above orders.

No testimony was heard in the Probate Division. The case was decided entirely on the pleadings. In appellants' brief we are informed that all surviving joint tenants consent to the jurisdiction of the court over the subject matter and the parties to this proceeding for apportionment.

The sole question presented in this appeal is clear: Shall the Federal estate tax be paid proportionately by all persons who received property from the decedent both as heirs at law and as surviving joint tenants, or should it be paid entirely from the probate assets.

Both parties agree that, under the United States Supreme Court decision in *Riggs v. Del Drago*, 317 U.S. 95, the ultimate impact of the tax should be determined by State law. They also point out that, unlike some other states, Illinois has no statute providing for the apportionment of Federal estate taxes. Appellants argue that in the absence of such a statute

the Federal estate tax "must be considered a charge against the whole of the estate and not against individual shares," and that the tax is upon the entire estate payable as an expense of administration and not upon the particular devise, bequest or distributive share of the individual beneficiary.

There is no dispute that if the Federal estate tax is paid only out of the probate estate most of the entire estate would be depleted. Nor is there any dispute that the amounts passing in joint tenancy were included in determining the taxable estate for Federal estate tax purposes. In fact these non-probate assets generated more than 75% of the total liability. We therefore agree with appellee that logic, reason, and simple justice dictate that, unless there is a contrary intention expressed by the decedent, as in a will in testate estates, the doctrine of equitable contribution should be invoked as to non-probate assets to fairly distribute the Federal estate tax burden. There is no claim here of any tangible manifestation of intent to the contrary by the decedent, and to refuse to apportion the tax burden would result in unjust enrichment to the recipients of the non-probate estate at the expense of the surviving heirs. We would be hard put to say that such was the intention of the decedent. See A. Fleming, *Apportionment of Federal Estate Taxes*, 43 Ill. L. Rev. 153 (1948).

The appellants point out that the Federal estate tax is a tax imposed upon the property transferred by death as a whole while the Illinois inheritance tax is a tax imposed upon the individual beneficiary, based upon the interest received. It is therefore asserted that to apportion the burden of the Federal tax would be to disregard the established nature of the two taxes, giving to the Federal tax the character of an inheritance or succession tax. We do not agree, however, that the difference in the "nature" of the two taxes should preclude equitable apportionment of the Federal tax. Although the Federal tax should be paid out of the estate as a whole—in accordance with its recognized character—, and the executor or administrator is made primarily liable for it, the "ultimate impact of the tax" under *Riggs*, cited above, should be determined by State law. It is the latter—the "ultimate thrust of the tax"—with which we are concerned, and not the method by which the tax is assessed or collected by the Federal government.

We find nothing in the law of Illinois prohibiting our decision under the circumstances presented here. In *First National Bank v. Hart*, 383 Ill. 489, 50 N.E.2d 461, relied on by appellants, the court was concerned with the apportionment of Illinois Inheritance Taxes among the distributees of a sophisticated residuary trust created in the testator's will. There were no non-probate assets in that case and different considerations were in-

volved. The court was not presented with the narrow question before us. The case of *Hughes v. Sun Life Assurance Co.*, 159 F.2d 110, which relied on the *Hart* decision, involved an annuity contract purchased by decedent and which was includable in her estate for Federal tax purposes. The income beneficiaries of the annuity contract, who had settled the tax claim, were refused reimbursement from the company holding the annuity contract. There again different considerations were involved. In *People v. Pasfield*, 284 Ill. 450, 120 N.E. 286, and *People v. Northern Trust Co.*, 289 Ill. 475, 124 N.E. 662, the court held only that the amount of the Federal tax to be paid should be deducted from the value of the estate before the State inheritance tax is computed, and for that purpose the Federal tax should be considered an expense of administration. These cases were not concerned with apportioning the ultimate tax burden between the recipients of probate and non-probate assets. Finally in *Lawless v. Lawless*, 17 Ill.App.2d 481, 150 N.E.2d 646, the court refused to allow the recipients of the personal estate in a will contribution from the recipients of the real estate for Federal tax exacted entirely from the personal estate before distribution. Again no non-probate assets were involved, and the court concluded that while our courts have in certain cases invoked the doctrine of equitable contribution, no cases had been cited that would affect the situation involved therein.

We note further that the case law in many states follows the just and fair doctrine of equitable contribution, especially where non-probate assets are involved. In *McDougall v. Central National Bank*, 157 Ohio St. 45, 104 N.E.2d 441, probate and non-probate assets were involved. There the Supreme Court of Ohio stated that because of the existence of the non-probate trust assets the Federal estate tax was substantially increased beyond what it would have been if the trust assets had not been included in the decedent's gross estate for the purpose of determining the amount of the tax. The court commented:

> "Under those circumstances and where there are no state statutes indicating and the decedent has indicated no intention as to who or what shall bear the burden of that tax, it is difficult to understand the justice of a rule of law that would impose the whole burden of the estate tax on one of the two separate parts of this decedent's estate." 157 Ohio St. at 52, 104 N.E.2d at 444-445.

It was held that a fair and reasonable approach would be to allocate to both the probate and the non-probate assets their proportionate share of the whole estate tax liability. See also *In re McKitrick's Estate*, 15 Ohio Op.2d 274, 172 N.E.2d 197.

The Supreme Court of Oregon, confronted with an analogous situation

in *Beatty v. Cake*, 236 Ore. 498, 387 P.2d 355, pointed out that "[t]he trend of the courts and the legislatures to adopt rules of apportionment is understandable," and that

> "[t]here is no persuadable reason to invariably compel a residuary legatee or the heirs of an intestate to bear the entire burden of federal estate taxation when, as in this case, clear indicia of intent is lacking and it appears that the tax consequences are accidental." 236 Ore. at 508, 387 P.2d at 359.

The court held that the defendant trustees of a non-probate trust estate must pay the pro rata portion of the Federal estate tax attributable to the addition of the value of the trust estate to the total value of the taxable estate.

In the case of *In re Gallagher's Will*, 57 N.M. 112, 255 P.2d 317, the Supreme Court of New Mexico upheld a lower court decision apportioning the tax burden arising from joint tenancy property. In *Myers v. Sinkler*, 235 S.C. 162, 110 S.E.2d 241, the non-probate asset was an inter vivos trust. The Supreme Court of North Carolina held that in the absence of statute or express direction to the contrary the ultimate burden of the estate tax should be ratably apportioned between the probate and non-probate assets in accord with the equitable principle that those who have a common interest in a subject matter should bear in common any burden affecting it. See also *inter alia, Kintzinger v. Millin*, 254 Ia. 173, 117 N.W. 2d 68; *Bragdon v. Worthley*, 155 Me. 284, 153 A.2d 627; *Marans v. Newland*, 143 Mont. 388, 390 P.2d 443; *Industrial Trust Co. v. Budlong*, 77 R.I. 428, 76 A.2d 600.

In sum, since the amount of the non-probate assets was included in the gross estate in determining the amount of Federal tax liability and thus contributed to the assessment of that tax, impelling justice and fairness dictate, and equity provides, that the recipients of those assets contribute in paying the Federal estate tax proportionately to the amount of tax their share generated. The judgment of the Circuit Court is therefore affirmed.

Affirmed.

DIERINGER and JOHNSON, JJ., concur.