*In re* ESTATE OF STELLA FAIRCHILD, Deceased—(JUANITA ALLEN *et al.*, Plaintiffs-Appellants, *v.* MABEL TANNER, Ex'r of the Estate of Stella Fairchild, Deceased, *et al.*, Defendants-Appellees.)

(No. 12261; ▮▮▮▮▮▮

Fourth District—August 15, 1974.

Sebat, Swanson & Banks, of Danville (Ralph J. Swanson, of counsel), for appellants.

Brittingham, Sadler & Meeker and Richard K. Bates, both of Danville (F. M. Brittingham, of counsel), for appellees.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order of the circuit court of Vermilion County entering a judgment in bar against the plaintiffs in a suit brought by them to require the executor of the estate to make a computation of and require the defendant Doran to pay her proportionate share of Federal estate tax paid from estate funds by the executor. The will made certain small bequests and then devised a specific farm to the defendant, Mary Louise Doran, a granddaughter. The testatrix then directed the sale of all property not specifically devised with proceeds paid to residuary legatees share and share alike. She then stated, "I make no provision in this clause for my granddaughter, Mary Louise Doran, because I feel that the farm devised to her in Paragraph Fourth above constitutes her full, fair share of my estate." In this court, two issues are raised by the appellants: (1) That the equities of this case require that the defendant-devisee be charged with her proportionate share of the Federal estate tax and that a determination of this issue ought not be made on the pleadings, but only after a full hearing on the merits, and (2) that the plaintiffs should be entitled to produce such facts as are available to justify their contention that the testator intended the Federal estate tax should be apportioned. We conclude that neither point is well taken and that the trial court should be affirmed.

■■ At the outset, it must be recognized that the Federal estate tax and State inheritance taxes are entirely different. Speaking generally, the State inheritance tax is a tax imposed against a beneficiary of the decedent on his right to receive his designated share of an estate. The Federal estate tax on the other hand is a tax on the right to transmit property from the dead to the living and has no relationship to the quantity or quantum of the estate received by a specific beneficiary. The Federal estate tax is a tax upon the gross estate without relationship to the amount received by specific beneficiaries. *Lawless v. Lawless,* 17 Ill. App.2d 481, 150 N.E.2d 646.

■■ In *First National Bank v. Hart,* 383 Ill. 489, 50 N.E.2d 461, the court held specifically that Federal estate tax liability has the same status

and priority as debts, funeral expenses and the like, and this is so unless the will specifically provides otherwise. In *In Re Estate of Phillips*, 1 Ill.App.3d 813, 275 N.E.2d 685, the issue we face is fully discussed and follows this long accepted rule. True enough, the inbred inequities of this situation and its potential for unfairness have been discussed. (Flynn, "The Estate Tax Apportionment and the Marital Share in Illinois—A Modest Proposal" (1970), 58 Illinois Bar Journal, page 996.) Be that as it may, the fact remains that Illinois has not recognized apportionment of Federal estate tax where a will is involved. The plaintiffs' plea that equity requires contribution from the defendant Doran for her proportionate share of the Federal estate tax may appeal to the conscience but thus far neither judicially nor legislatively has Illinois recognized the doctrine of total apportionment, partial apportionment or any apportionment within the factual structure of this case.

The effect of the holding in *Phillips* was to give to a mutually acknowledged child without payment of Federal estate tax more than $235,000 worth of real estate. The residuary estate given to the sister of the decedent was approximately $95,000 with a Federal estate tax near $59,000. In that case, the sister contended that since she was the closest kin, it was apparent that the decedent would not have wanted her own sister's share to be charged with the payment of the entire estate tax and the child's share to be free from tax. There was in that case no facts to support plaintiff's position and hence the trial court and the appellate court correctly held that the Federal estate tax was payable in toto from the residuary estate—and properly so.

██ In this case, the residuary legatees urge that the testatrix's statement excluding the defendant Doran from the residuary clause in the will and specifically indicated that she was so excluded because the specific gift of the farm "constitutes her full, fair share of my estate" makes it imperative that there ought to be an evidentiary investigation after answer of what that part of the will means and whether or not the decedent was fully advised of the effect of Federal estate tax. An excursion into this realm, it seems to us, takes us into the realm of the obscure and the unknown. The complaint in this case cites neither fact nor authority for plaintiffs' claim that "in equity plaintiffs are entitled to contribution from said Mary Louise Doran for her proportionate share of said Federal Estate Tax." If apportionment in Illinois is to come where a will is involved, it should come through the legislature and not piecemeal on an *ad hoc* case to case basis. We agree with *Phillips* that there ought to be stability in judicial decisions. Rules of law long recognized by the bench and bar relating to the transmission of property by will ought not be summarily uprooted. There ought to be exactitude in

legislation. Should the legislature elect to act, it can prescribe a time in the future when such an enactment would become effective and give testators an opportunity to conform their wills to the new legislation. It is, of course, a truism to say that a will can itself appropriately provide for such apportionment if the testator so desires.

We are not unaware of the decision in *In re Estate of Van Duser*, 19 Ill.App.3d 1022, 313 N.E.2d 228, but fact-wise and issue-wise, it is not within the perimeter of the issues or the facts presented here.

The judgment of the trial court is affirmed.

Affirmed.

SIMKINS and KUNCE, JJ., concur.