THE FARMERS' LOAN AND TRUST COMPANY, as Trustee
under a Deed of Trust, Dated June 10, 1918, Made by
HELEN C. BOSTWICK, Appellant, *v.* EGERTON L.
WINTHROP, JR., as Executor of EVELYN B. VORONOFF,
Deceased, et al., Respondents, and DOROTHY S. B.
SMITH et al., Appellants.

Will.— decedent's estate — transfer tax — construction of
provision in will that " all inheritance taxes be paid out of my
general estate "— Federal transfer tax a tax on " net estate "
payable by executor out of general estate before distribution —
measure of value of " net estate " includes value of interests
of others which ripen by operation of law into possession upon
death — deed of trust for benefit of donor with remainder
to her children on her death — entire Federal transfer tax
payable by executor out of general estate — executor entitled
to reimbursement where he has paid State taxes imposed
upon transfer of trust estate to beneficiaries.

1. A direction in a will that " all inheritance taxes be paid out of
my general estate," means that all taxes upon the transfer of property
passing under the will and which in common parlance are known as
" inheritance taxes " should be paid by the executor out of the general
or residuary estate even where under the statute imposing the tax
such tax would ordinarily be payable by the legatee out of the legacy
received. The words, however, do not indicate an intention on the
part of testatrix to make a specific direction to her executor to pay
out of her general estate taxes on the transfer of property which did
not pass under her will and which was not subject to distribution as
part of her estate. On the other hand, such words may not be con-
strued as a direction that any tax or part of any tax which but for
such direction would be paid out of her general estate should not be
so paid.

2. By section 401 of the Federal Revenue Act of 1918, imposing
a tax " upon the transfer of the net estate of every decedent dying
after the passage of this Act," Congress has not imposed a tax on
legacies to be paid by the legatees but a tax on the transfer of the " net
estate " payable by the executor out of the general estate before dis-
tribution. (*Matter of Hamlin*, 226 N. Y. 407; *Young Men's Christian
Association* v. *Davis*, 264 U. S. 47, followed.)

3. The value of the net estate by which this tax is measured not only includes the value of property which the decedent at the time of his death could dispose of by will or deed and the value of property which the decedent has transferred by deed made in contemplation of death, or to take effect in possession or enjoyment upon his death, but also includes the value of interests of others which ripen upon his death into new rights of possession and enjoyment by operation of law regardless of the wish of the decedent, such as dower rights or interests held jointly or as tenants by the entirety.

4. The statute explicitly directs that " so far as practicable and unless otherwise directed by the will of the decedent, the tax shall be paid out of the estate before distribution." It is practicable to adopt this method of payment in regard to that portion of the tax which is imposed because the net estate included property which the decedent transferred under a revocable deed of trust to take effect in possession or enjoyment at her death where she has left a residuary estate after the payment of all specific bequests more than sufficient to pay the entire tax, and, the will in suit not containing any direction as to payment of any tax on property which does not pass thereunder, it follows that the executor is bound to pay the entire Federal estates tax without right to reimbursement but he is entitled to reimbursement where he has paid the State taxes which are imposed upon the transfer of the trust estate to the beneficiaries and not upon the transfer of the decedent's estate as a whole upon her death.

*Farmers' Loan & Trust Co.* v. *Winthrop,* 207 App. Div. 373, modified.

(Argued June 4, 1924; decided July 5, 1924.)

APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 14, 1924, modifying and affirming as modified a judgment entered upon the report of a referee.

*Charles Angulo* for plaintiff, appellant.

*Charles Green Smith* and *Lawrence Atterbury* for Dorothy S. B. Smith et al., defendants, appellants. The payment by the executor of all inheritance taxes out of the general estate was proper as directed by the will. (*Matter of Bostwick,* 160 N. Y. 489; *Matter of Dana,* 215 N. Y. 461; *Matter of Schmidlapp,* 236 N. Y. 278; *Schenck* v. *Barnes,* 156 N. Y. 316.) The Federal estate tax is an " estate "

tax and not a tax upon legacies or distributive shares or apportionable between them. It is computed upon the net estate passing at death into which the general estate and the trust funds are taken alike. It is cast upon the residuary primarily and is payable by the executor as a paramount charge against the estate before distribution. (*Matter of Hamlin,* 226 N. Y. 407; *Bemis* v. *Converse,* 140 N. E. Rep. 686; *Matter of Benson,* 136 Misc. Rep. 136; *N. Y. Trust Co.* v. *Eisner,* 256 U. S. 345; *Title G. & T. Co.* v. *Haven,* 196 N. Y. 487; *Curley* v. *Tait,* 276 Fed. Rep. 840; *Schwab* v. *Doyle,* 269 Fed. Rep. 321; *Knowlton* v. *Moore,* 178 U. S. 41.)

*Albert Ritchie* for New Rochelle Trust Company et al., as general guardians of Albert C. Bostwick et al., defendants, appellants. The testatrix directed the payment of all the taxes in question out of her general estate. (*Matter of Hamlin,* 226 N. Y. 407; *Matter of Swift,* 137 N. Y. 77; *Matter of Smith,* 85 Misc. Rep. 636; *Isham* v. *New York Assn. for Poor,* 177 N. Y. 218; *Matter of Frankenheimer,* 130 App. Div. 454; 175 N. Y. 346; *Matter of Bass,* 57 Misc. Rep. 531; *Matter of Tracy,* 179 N. Y. 501; *Tilden* v. *Green,* 130 N. Y. 29; *Hulbert* v. *Southerland,* 163 App. Div. 241; *Nolan* v. *Nolan,* 169 App. Div. 372; *Baker* v. *Gerow,* 126 N. Y. Supp. 277.) Regardless of the provisions of the will the Federal taxes should be paid out of the general estate of the testatrix. (*Dexter* v. *Jackson,* 140 N. E. Rep. 267; *Plunkett* v. *Old Colony Trust Co.,* 233 Mass. 471; *Taylor* v. *Jones,* 242 Mass. 210; *N. Y. Trust Co.* v. *Eisner,* 256 U. S. 345; *Schwab* v. *Doyle,* 269 Fed. Rep. 321.)

*Archibald R. Watson, John M. Harrington* and *Ralph O. Willguss* for Francis J. Oakes, Jr., *amicus curiæ.* The Federal estate tax is levied against and chargeable upon the mass of a decedent's estate and not against specific beneficiaries, or any specific property passing upon the

death; and the circumstance that in ascertaining the amount of the estate to be taxed there has been included the value of the subject-matter of a trust created by a decedent, apart from his will, is immaterial. (Revenue Act of 1918, ch. 18, 40 Stat. at L. 1096, tit. IV, §§ 401, 402, 403, 407, 408; Comp. Stat. 6336¾a; Fed. Stat. Anno. Supp. 1919, 130; *Matter of Hamlin*, 226 N. Y. 407; *Young Men's Christian Association* v. *Davis*, 264 U. S. 47; *Knowlton* v. *Moore*, 178 U. S. 41; *Bemis* v. *Converse*, 140 N. E. Rep. 686; *Pratt* v. *Dean*, 140 N. E. Rep. 924; *Plunkett* v. *Old Colony Trust Co.*, 233 Mass. 471; *Dexter* v. *Jackson*, 245 Mass. 333; *New York Trust Co.* v. *Eisner*, 256 U. S. 345; *Curley* v. *Tait*, 276 Fed. Rep. 840; *Shwab*. v. *Doyle*, 269 Fed. Rep. 321; *Liebman* v. *Fontenot*, 275 Fed. Rep. 688.)

*Henry L. Stimson* and *Henry L. Steitz* for Egerton L. Winthrop, Jr., as executor, defendant, respondent. The ultimate liability for the payment of the Federal estate tax imposed upon the transfer of the trust property rests upon the recipient of that property and not upon the general estate. The duty of the executor to pay such a tax is a primary duty and not an ultimate obligation, imposed in the interest of speedy and easy collection of the tax. (*Edwards* v. *Slocum*, 287 Fed. Rep. 651; *United States* v. *Field*, 255 U. S. 257; *Johnson* v. *United States*, 290 Fed. Rep. 121; *United States* v. *Grimand*, 220 U. S. 506; *Plunkett* v. *Old Colony Trust Co.*, 233 Mass. 471; *Knowlton* v. *Moore*, 178 U. S. 77; *Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Arthur* v. *Arthur*, 76 App. Div. 330; *McReady* v. *Antwerp*, 24 Hun, 332; *Hales* v. *Freeman*, 1 B. & B. 391.) The will of the testatrix contained no direction for the payment out of the general estate of the Federal estate tax upon the trust property. On the contrary, the language of the will by inference makes a contrary direction. (*Sherman* v. *Moore*, 93 Atl. Rep. 241.) The determination of the trial court and Appellate Divi-

sion that the inheritance taxes paid to the several States should be borne by the beneficiaries of the trust should be sustained. (*Smith* v. *Browning,* 225 N. Y. 358; *Title Guarantee & Trust Co.* v. *Loehrke,* 102 Atl. Rep. 660; *Ritchie* v. *Commonwealth,* 180 Ky. 4; *Central Union Trust Co.* v. *State of Kansas,* 202 Pac. Rep. 853; *Estate of Chesney,* 1 Cal. App. 30; *State* v. *Bonding Co.,* 23 Ohio 609; *Matter of Guiteras' Estate,* 178 N. Y. Supp. 559; *Matter of Lord's Estate,* 183 N. Y. Supp. 131.)

*John W. Davis, Edward R. Greene* and *Hall Park Mc-Cullough* for Evelyn Francis et al., defendants, respondents. The Federal estate tax paid by the executor in respect of the trust fund should be reimbursed to the executor. (*Matter of Hudson,* 1911 [1 Ch.] 206; *Y. M. C. A.* v. *Davis,* 264 U. S. 47; *Edwards* v. *Slocum,* 287 Fed. Rep. 651; *Hampton* v. *Hampton,* 221 S. W. Rep. 496; *Hales* v. *Freeman,* 1 B. & B. 391.)

LEHMAN, J.   In June, 1918, Mrs. Helen C. Bostwick executed a deed transferring to the Farmers' Loan and Trust Company property of great value, in trust to apply the income to the use of the donor during her natural life, with remainder after her death to the surviving children of her son and daughter. The donor reserved the right to withdraw from the trust any part or the whole of the property at any time constituting the trust funds in the hands of said trustee and to amend or revoke the trust instrument. Mrs. Bostwick died on April 27, 1920. She did not revoke the deed during her life and under its terms the transfer of the property in trust for the benefit of the donor's grandchildren took effect in possession or in enjoyment at the time of her death. Such a transfer is taxable under the laws of the United States and of a number of States where the trust property or some part of it is situated; and upon the settlement of the accounts of the trustee, named in the

deed of trust, the court is called upon to determine whether all or any of such taxes must ultimately be paid out of the trust estate, or whether Mrs. Bostwick's executor must pay them out of her general estate without right of reimbursement from the trust estate.

Mrs. Bostwick made a will in November, 1919, about a year and a half after she created the trust fund and she provided in that will: "*First*, I direct that all my just debts and funeral expenses be paid as soon as possible after my decease and that all inheritance taxes be paid out of my general estate." We construe these words as meaning that all taxes upon the transfer of property passing under her will and which, in common parlance, are known as "inheritance taxes" should be paid by the executor out of the general or residuary estate, even where under the statute imposing the tax such tax would ordinarily be payable by the legatee out of the legacy received. While perhaps the testatrix in using the words "inheritance taxes" may not have had in mind any technical distinction between "inheritance" taxes and "estate" or "succession" taxes, we believe that if she had intended to make a specific direction to her executor to pay out of her general estate taxes on the transfer of property which did not pass under her will and which was not subject to distribution as part of her estate she would have used language which would have expressed her intention more aptly. On the other hand, we think that a direction by the decedent to her executor to pay inheritance taxes upon property passing under her will may not be construed as a direction that any tax or part of any tax which but for such direction would be paid out of her general estate should not be so paid. We conclude that the testatrix, in drawing her will, has not indicated that she had in mind any question of who should pay any tax imposed on the transfer of property passing under a deed of trust executed by her, either before or after the making of the will. The court

must determine whether the trust estate or the general estate should ultimately bear the burden of the payment of such tax in accordance with the intention of Congress or the Legislature which has imposed the tax, since the decedent has made no direction either way for its payment.

Section 401 of the Federal Revenue Act of 1918, enacted February 24, 1919, imposes a tax " upon the transfer of the net estate of every decedent dying after the passage of this act." The rate of the tax is graduated in accordance with the size of the net estate. Section 402 of the act provides " that the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangibe or intangible, wherever situated: * * * to the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death." Section 403 provides: " That for the purpose of the tax the value of the net estate shall be determined (a) in case of a resident, by deducting from the value of the gross estate " certain expenses for administration and the amount of certain claims, liabilities, losses, charges and allowances including the amount of any bequest or gift to corporations organ'zed exclusively for religious, charitable, scientific, literary or educational purposes.

The tax is calculated upon the value of the net estate as so determined and the rate of taxation is graduated in accordance with this value. Section 407 provides " that the executor shall pay the tax to the collector or deputy collector," but if this tax is not paid provision is made under section 408 for its collection out of the gross estate of the decedent and " if the tax or any part thereof is paid by, or collected out of that part of the estate passing to or in the possession of, any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate

still undistributed or by a just and equitable contribu-tion by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for the payment of taxes, debts or other charges against the estate, it being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution."

This court decided in *Matter of Hamlin* (226 N. Y. 407) that under the provisions of the Internal Revenue Law of September 8, 1916, chapter 463, which are identical with those provisions of the statute now under consideration, which we have set forth, Congress had not imposed a tax on legacies to be paid by the legatees but a tax on the transfer of the net estate payable by the executor out of the general estate before distribution. In the case of *Young Men's Christian Association* v. *Davis* (264 U. S. 47) the Supreme Court of the United States reached a similar conclusion and held that under the Revenue Act of 1918 the entire tax must be paid out of the general estate, diminishing to that extent the amount which passed under the will to the residuary legatees; though in that case all the residuary legatees were corporations organized exclusively for religious, charitable, scientific, literary or educational purposes and in fixing the value of the net estate the amount of the residuary bequest to them could be deducted under the provisions of section 403 of the act from the amount of the gross estate. It is urged in the present case by the residuary legatees under Mrs. Bostwick's will that the rule laid down in these cases is not decisive of the question before us and that though the entire tax on the transfer of an estate by will must be paid by the executor out of the estate passing under the will before distribution, yet the burden of the tax in respect to property passing under a deed made by a

decedent during his life, to take effect in possession or enjoyment at or after his death, should be borne by the beneficiary and if the executor should pay that tax he should be entitled to reimbursement. The Supreme Court of Massachusetts in *Bemis* v. *Converse* (140 N. E. Rep. 686) has failed to draw such a distinction and has held that in such case also the tax must be paid out of the general estate before its distribution and we fail to find in the statute any basis for such distinction.

In the case of *Knowlton* v. *Moore* (178 U. S. 41) the Supreme Court of the United States exhaustively considered the difference between inheritance and legacy taxes on the one hand and succession duties and estate taxes on the other hand. In the one case the tax is laid upon the transfer of particular property to a particular person and the amount and rate of the taxation may reasonably be determined by such factors as the amount which passes to the transferee and his relationship to the decedent. In the other case the tax is laid upon the transfer of the entire estate from the decedent regardless of the person or persons to whom the transfer is made and the amount and rate of the tax may reasonably be determined only by those factors which affect the estate of the decedent so transferred and not by those which affect the estate received by the transferee upon the death of the decedent. We have held in *Matter of Hamlin* (*supra*) that Congress recognized this distinction in enacting the present tax measure and our interpretation was based largely upon that distinction. While our function is solely that of interpretation and not of legislation we may still point out that it would be anomalous to impose upon a beneficiary the burden of a tax which is graduated solely by the capacity to pay of the donor; while the imposition of the burden of a tax, measured solely by the size of a donor's estate, upon the donor or his general estate is dictated by factors which may at least be regarded as

relevant even though there may be difference of opinion as to the justice of such a tax in all cases.

The tax under the statute is a " tax upon the transfer of the net estate of every decedent." The value of the net estate by which this tax is measured not only includes the value of property which the decedent at the time of his death could dispose of by will or deed and the value of property which the decedent has transferred by deed made in contemplation of death, or to take effect in possession or enjoyment upon his death, but also includes the value of interests of others which ripen upon his death into new rights of possession and enjoyment by operation of law, regardless of the wish of the decedent, such as dower rights or interests held jointly or as tenants by the entirety. The transfer which is taxed is not the transfer of separate parts of the decedent's estate by a single instrument nor separate transfers by the decedent of his estate but it is the transfer by death of all that property which is defined by the statute as the " net estate " regardless of how the right of the transferees may arise. The definition of the " net estate " identifies the property the transfer of which is taxed and the value of the " net estate " so defined measures the amount of the tax and its rate; but the tax is not imposed upon the property nor in general is the burden of its payment apportioned in proportion to the value of any portion thereof received by any transferee. Congress has explicitly stated that it was the intent and purpose of the act that " so far as practicable and unless otherwise directed by the will of the decedent, the tax shall be paid out of the estate before distribution " (Section 408); in other words, unless the testator otherwise directs, the whole tax is to be paid, so far as practicable, out of the estate before the amount remaining in the estate for distribution thereafter can be determined or the amount of a residuary bequest fixed. The exception contained in section 408

32

in regard to the proceeds of insurance policies does not permit the court to create other exceptions by any supposed analogy.

We do not here attempt to decide in what cases it would not be " practicable " to adopt this method of payment. We decide only that it is practicable in regard to that portion of the tax which is imposed because the net estate included property which the decedent transferred under a revocable deed of trust to take effect in possession or enjoyment at the death of the decedent, where the decedent has left a residuary estate after the payment of all specific bequests more than sufficient to pay the entire tax. Since we have construed the will as not containing any direction as to payment of any tax on property which does not pass under the will, it follows that the executor is bound to pay the entire Federal estates tax without right to reimbursement but he is entitled to reimbursement where he has paid the State taxes which are imposed upon the transfer of the trust estate to the beneficiaries and not upon the transfer of the decedent's estate as a whole upon his death.

The judgment of the Appellate Division should be modified so as to affirm the judgment entered on the report of referee and as so modified affirmed, with costs to the appellant and with a separate bill of costs to the several guardians, all payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.