17569

Thomas E. MYERS, as Executor under the Will of Mary O. Marshall, Respondent, v. Huger SINKLER, as Executor under the Will of Mary O. Marshall and as substituted Trustee under the Trust Deed, etc., et al., Defendants-Respondents, except Huger Sinkler, as Trustee under the said Trust Deed, who is, Appellant.

(110 S. E. (2d) 241)

*Messrs. Mitchell & Horlbeck,* of Charleston, *for Appellant,*

*Messrs. Smythe & Smythe,* and *DeRosset Myers,* of Charleston, *for Respondents,*

August 31, 1959.

LEGGE, Justice.

Miss Mary O. Marshall died in 1957, and her will, executed in 1954, has been admitted to probate in Charleston County. The substituted trustee under a deed of trust executed by her in 1936 appeals from a circuit decree directing apportionment of federal estate and South Carolina inheritance taxes between the probate estate on the one hand and the trust estate on the other.

By the deed of trust, dated April 28, 1936, Miss Marshall conveyed several pieces of real property in the City of Charleston to Franklin O. Canfield in trust to pay over the net income therefrom to her during her life, and after her death to three of her sisters, and, upon the death of the last survivor of them, in trust for their children then living and the children then living of another sister (who had died prior to the execution of the deed), *per stirpes.*

Following are the pertinent clauses of Miss Marshall's will:

"Item II. I direct that all inheritance, transfer and estate taxes, State and Federal, imposed against my estate or upon any of the legatees or beneficiaries under this Will, shall be paid out of my residuary estate as an expense of administration, in order that all legacies and bequests made by my Will shall be free from the same."

Item VII, reciting that the testatrix is life beneficiary under the deed of trust before mentioned and as such entitled to the income from the properties constituting the trust es-

tate, and that she has recently expended for capital improvements to one of said properties the sum of $2,000.00, which she feels should ultimately be borne by the "residuary" beneficiaries under the deed of trust, proceeds as follows: "Hence, I direct my Executors to endeavor to collect, from the residuary beneficiaries under said Deed of Trust, the sum which I have thus expended for improvement of the property, feeling that this property has been fully enhanced in value to the extent herein mentioned. Said sum, when and if collected, shall become a part of my residuary estate and pass under the residuary clause of this my Will."

By Item VIII she devised and bequeathed her residuary estate to trustees, in trust to pay the net income therefrom in equal shares to two of her sisters during their joint lives, and upon the death of either to the survivor for life, and, upon the death of the survivor, to pay over and deliver the *corpus* equally among certain named persons then living and the children, *per stirpes,* of such of said remaindermen as might have theretofore died.

The issue presented is this: In the absence of statute or express direction in either the trust deed or the will, should the ultimate burden of estate and inheritance taxes be borne solely by the residuary probate estate, or ratably, under the principle of equitable apportionment, by both the probate and the non-probate estates? The circuit judge resolved it in favor of apportionment, and his ruling is here challenged upon the following grounds:

1. That the language of Items II and VII of the will evidences intention of the testatrix to charge the residuary probate estate with payment of federal estate taxes imposed upon the transfer of the non-probate trust estate (Exception 3);

2. That the circuit judge erred in holding that the testatrix could lessen the value of a trust estate, created by her deed many years prior to her death, by provisions in her will requiring the grantees in said deed to contribute toward

payment of the federal estate tax levied upon her estate (Exception 1) ;

3. That the testatrix expressly directed, in Items II and VII of her will, that the burden of South Carolina inheritance taxes imposed with reference to the transfer of the non-probate trust estate should be borne by the residuary probate estate (Exception 4) ; and

4. That, since there is no statute authorizing apportionment of the federal estate tax between the probate and the non-probate estates, the Court is without power to direct such apportionment (Exception 2).

While the property conveyed in trust by Miss Marshall in 1936 is not a part of her probate estate, its transmission, by her death, is subject to federal estate tax, U. S. C. A., Title 26, Section 2036. For its payment the federal government looks to the executor, U. S. C. A., Title 26, Section 2002; but where the ultimate burden of the tax shall fall is a matter of state law. *Riggs v. Del Drago,* 1942, 317 U. S. 95, 63 S. Ct. 109, 87 L. Ed. 106, 142 A. L. R. 1131.

We do not construe Article II of the will as expressing intent to charge the residuary probate estate with the burden of estate taxes generated by the transfer of the non-probate trust estate. To do so would require assumption that by the words "imposed against my estate" the testatrix had reference not only to taxes that might be imposed upon the estate that she was disposing of, but also to those referable to the non-probate trust estate as to which she had no power of testamentary disposition, and which was not a part of her "estate" in the everyday sense of that word.

We note, too, the absence of separative punctuation after the word "estate" in the phrase "against my estate or upon any of the legatees or beneficiaries under this Will," a circumstance that perhaps does not require, but certainly does not preclude, inference that she had in mind her "estate * * * under this Will."

Our view that Item II was concerned with taxation in respect of the probate, but not the non-probate, estate is strengthened by its concluding words, "in order that all legacies and bequests made by my Will shall be free from the same." Similar language has been construed in other jurisdictions as limiting the extent of the exoneration to the testamentary gifts, and as not preventing apportionment of estate taxes against non-probate assets. *Re Lemmerman's Will,* 199 Misc. 49, 104 N. Y. S. (2d) 665; *Re Hathaway's Will,* Sur., 113 N. Y. S. (2d) 750; *Industrial Trust Co. v. Budlong,* 77 R. I. 428, 76 A. (2d) 600; *Malden Trust Co. v. Bickford,* 329 Mass. 567, 109 N. E. (2d) 453; *Priedeman v. Jamison,* 356 Mo. 627, 202 S. W. (2d) 900.

Appellant suggests that intention to exonerate the non-probate trust from responsibility for estate taxes is indicated by the provision in Article VII of the will directing that the beneficiaries of said trust be required, if possible, to pay to the executors the amount that had been expended by the testatrix for improvement of one of the trust properties. He contends that under the rule of *"expressio unius"* the expression by the testatrix of her desire to impose the liability upon the *cestuis* excludes the idea of any liability on their part to reimburse the executors for estate taxes required to be paid by them on the value of the non-probate trust. But it seems to us that the provision just mentioned may just as reasonably be construed as indicative of her solicitude for the residuary beneficiaries under the will, and of her desire that each of the two estates should "pay its own way."

We conclude that the will discloses no clearly expressed intent of the testatrix either to require or to prohibit apportionment of the estate tax between the non-probate trust and the testamenary residuary estate. This conclusion disposes of Exception 3 and of the contention, in Exception 1, that since the *inter vivos* trust was a completed and therefore irrevocable gift its assets may not be diminished by provisions in the will requiring the *cestuis* to contribute toward payment of the estate tax. Such contrbution would be refer-

able not to testamentary direction but to judicial application of the equitable doctrine of apportionment.

No South Carolina statute either requires or forbids apportionment of the ultimate burden of estate or inheritance taxes between the probate and the non-probate estates. And in the case at bar neither the will nor the deed of trust contains specific direction thereabout. In such circumstances, should the ultimate burden of these taxes, which are imposed upon the value of both probate and non-probate assets, be borne by the residuary probate estate alone, or ratably apportioned between the two estates? The issue arises now for the first time in this jurisdiction; there is a clear-cut division of opinion in others. 28 Am. Jur., Inheritance, Estate and Gift Taxes, Section 481; Annotations: 115 A. L. R. 916; 15 A. L. R. (2d) 1216; 37 A. L. R. (2d) 169. Actually, the issue here involves two questions: (1) Which is the fairer and more reasonable,—that the ultimate burden of the tax be borne solely by the beneficiaries of the residuary probate estate, or that it be apportioned ratably between them and the beneficiaries of the non-probate trust? (2) May such apportionment be decreed in the absence of statutory authority?

Prior to *Riggs v. Del Drago, supra,* the federad statute was construed by many state courts as indicating congressional intent: (1) that the burden of the tax should be borne by the probate estate because the executor was required to pay it; and (2) that apportionment should be allowed only in the instances specified in the statute. *Cf. Bemis v. Converse,* 1923, 246 Mass. 131, 140 N. E. 686; *Farmers Loan & Trust Co. v. Winthrop,* 1924, 238 N. Y. 488, 144 N. E. 769, *Ericson v. Childs,* 1938, 124 Conn. 66, 198 A. 176, 115 A. L. R. 907.

As noted in *McDougall v. Central Nat. Bank of Cleveland,* 1952, 157 Ohio St. 45, 104 N. E. (2d) 441, the courts of some states have, since the decision in *Riggs v. Del Drago,* adhered to their former rulings against apportionment; others have approved apportionment; and in many states

apportionment statutes have been enacted. Extended discussion of these cases would unduly prolong this opinion; they are reviewed in the annotations before mentioned; in 28 Am. Jur., Inheritance, etc. Taxes, Sections 481, 484; and in 47 C. J. S. Internal Revenue § 776. See also *United States v. Goodson,* 8 Cir., 1958, 253 F. (2d) 900. Those to which we shall now briefly refer sufficiently illustrate the opposing viewpoints.

In *Bemis v. Converse,* 1923, supra, the court, following its two earlier decisions in *Taylor v. Jones,* 242 Mass. 210, 136 N. E. 382, and *Plunkett v. Old Colony Trust Co.,* 233 Mass. 471, 124 N. E. 265, 7 A. L. R. 696, declared that in the absence of a definite declaration in either the *inter vivos* trust deed or the will, the ultimate burden of the estate tax is to be borne by the residuary testamentary estate.

In the recent case of *Warfield v. Merchants National Bank of Boston,* 1958, 337 Mass. 14, 147 N. E. (2d) 809, 812, the court, declaring apportionment limited to cases (1) covered by statute and (2) where contribution has been expressly directed by the deed of trust or some other instrument lawfully amending it, said: "We are unable to find a basis in reason or in our decisions for recognizing a right in the executor, apart from statute, to enforce against the trustee an intent of the donor of the trust expressed by will alone, that the tax be paid by the trustee."

In *McDougall v. Central Nat. Bank of Cleveland, supra,* the opposite view is thus expressed [157 Ohio St. 45, 104 N. E. (2d) 441]:

"In the instant case, the taxable estate of decedent for estate tax purposes was divided into two separate parts, the probate estate and the trust estate. The federal estate tax fell on both of those parts. Because of the existence of the non-probate assets in the trust estate, the federal estate tax was substantially increased beyond what it would have been if the trust assets had not been included in the decedent's gross estate for the purpose of determining the amount of the estate tax. Under those circumstances and where there

are no state statutes indicating and the decedent has indicated no intention as to who or what shall bear the burden of that tax, it is difficult to understand the justice of a rule of law that would impose the whole burden of the estate tax on one of the two separate parts of this decedent's estate * * * There appears to be no possible reason remaining for placing primary liability on the probate estate, except the statutory obligation of the executor to pay debts due the United States before distribution. That reason, as a ground for denying apportionment, was rejected by the decision in *Miller v. Hammond, supra* (156 Ohio St. 475, 104 N. E. (2d) 9). Furthermore, the mere fact that the executor has an obligation to pay a particular indebtedness does not negative a right which he may have to contribution from someone else on account of that payment."

By like reasoning it was held in *Hooker v. Drayton,* 1943, 69 R..I. 290, 33 A. (2d) 206, 210, 150 A. L. R. 723, that the general rule whereby in the absence of contrary direction in the will the burden of all debts, obligations and charges falls upon the residuary estate, was applicable only to debts and obligations of, and charges against, the testator's true estate, and was not applicable to federal estate tax upon the value of property transmitted by him in the exercise of a power of appointment. Said the court:

"* * * In the absence of a clearly expressed intent to the contrary in the decedent donee's will, such tax is ultimately to be borne by the appointed property, and not by his residuary estate. Such a rule is more consistent with logic and the realities than is a rule which, in the absence of a testamentary expression to the contrary, would assume that the residuary estate of the donee was chargeable with such tax burden.

"It is natural and logical to assume that a testator would ordinarily be unwilling to burden his own estate with estate taxes allocable to property of another. As this court said, in construing our inheritance tax statute: 'The intent thus to burden a decedent's estate with the payment of an inheri-

tance tax upon the transfer of property which was not his, and did not pass under his will or by the statutes of descent, is so unreasonable and unjust that we will not find the intent upon conjecture, but will require that the purpose be explicitly declared.' *Manning v. Board of Tax Commissioners, supra,* 46 R. I. [400], at page 409, 127 A. [865], at page 869. If this court could thus speak of the necessity for an express declaration of legislative intent in such a case, there would appear to be even stronger reason for our requiring an explicit declaration by the testator before saddling upon his estate a burden foreign to it and one which could, under certain circumstances, adversely affect the express dispositions which he has made of his own property."

To the same effect is *Industrial Trust Co. v. Budlong,* 1950, 77 R. I. 428, 76 A. (2d) 600, where the rule above stated was held applicable to federal estate tax upon the value of the assets of an irrevocable *inter vivos* trust that had been created by the decedent.

The basic difference in the result of the reasoning of the two schools of thought may be thus briefly stated: In the one view, the burden of the estate tax upon both the probate estate and the non-probate trust must be borne solely by the former in the absence of statute or express direction to the contrary in either the trust instrument or the will. In the other, the executor may, in the absence of statute or express direction to the contrary in either the trust instrument or the will, require of the non-probate trust reimbursement for such portion of the tax paid by him as is referable to the non-probate assets that, for the purpose of such taxation, have been included in the decedent's "gross estate".

The view that in the absence of statute or express direction to the contrary in either the deed of trust or the will the ultimate burden of the estate tax should be ratably apportioned between the two estates is, we think, sound and in accord with the equitable principle that those who have a common interest in a subject matter should bear in common any burden affecting it. Such view, rather than the

opposite one, in our opinion also takes more realistically into account the following factors: (1) that the two estates are separate entities; and (2) the testator's inattention, suggested by the absence of specific direction in either the deed of trust or the will, to the fact that the assets of the *inter vivos* trust, which he had no power to dispose of by his will, would nevertheless upon his death be included in the "taxable estate" for the purposes of the estate tax.

Appellant contends that since the deed of trust effected a specific gift the position of its *cestuis* is not comparable to that of the residuary beneficiaries under the will, but is rather like that of specific legatees, and that therefore, for the payment of the tax, resort should not be had to the trust assets, any more than to specific legacies, until the residuary estate has been exhausted. We do not question the propriety of the general rule whereby in the absence of provision in the will to the contrary estate taxes imposed upon the transfer of testamentary assets are considered in the same category as debts and administrative expenses, the burden of which falls upon the residuary estate. But where, by legislative fiction, there are included in the "taxable estate" not only the probate assets but also those of an *inter vivos* trust which the testator did not own at the time of his death, and over which he had no power of testamentary disposition, it is our opinion that, absent contrary direction by the testator, equity is better served by requiring the non-probate trust to reimburse the executor to the extent of the estate tax generated by it.

The instant case is quite unlike *Gaither v. United States Trust Co. of N. Y.,* 230 S. C. 568, 97 S. E. (2d) 24, which was concerned only with the order in which probate assets should be applied, under the terms of the will, to payment of estate and inheritance taxes in respect of their transfer; no non-probate estate was there involved.

The same event, to wit, the death of the settlor-testatrix, occasioned the vesting of the interests of both the residuary beneficiaries of the will and the *cestuis* of the *inter vivos*

trust, and occasioned also the imposition of the tax upon both estates. The burden of the tax is common to both, and the assets of both are subject to levy for its satisfaction. That the executor, for the convenience of the government and under complsion of the federal statute, is primarily required to pay it, is beside the point; for we are concerned here not with his primary liability, but with his right, in equity, to require ratable contribution from the *cestuis* of a non-testamentary trust for whose benefit he has made the payment.

We cannot agree with appellant in his contention (Exception 2) that the courts are without power, in the absence of statute, to decree apportionment, and that to do so would be to invade the field of legislation. Judicial application of equitable principles requires no statutory sanction.

The doctrine of equitable apportionment, *"Qui sentit commodum sentire debet et onus"*, is simple one aspect of the familiar maxim that "equality is equity", —a principle that has long been embodied in our jurisprudence. As stated in 30 C. J. S. Equity § 109: "The maxim is of broad application, and should never be departed from or in any wise rejected unless it is clearly not intended to apply. It is applicable to burdens as well as to rights, and means that, in the absence of relations or conditions requiring a different result, equity will treat all members of a class as on an equal footing, and will distribute benefits or impose burdens and charges either equally or in proportion to the several interests, and without preferences."

Here there is but one estate contemplated by the federal estate tax statute,—an estate comprising the probate assets and those of the non-probate trust,—the tax is levied upon the whole of that "taxable estate". But the probate estate and the non-probate trust are in reality separate entities: the former was the testator's true estate, of which he disposed by his will; the latter was not his property. The artificial concept of the two as a single taxable estate, while convenient for the purpose of the tax, does

not destroy the separate identity of each estate. The equitable doctrine is clearly applicable.

As pointed out in *Pearcy v. Citizens Bank & Trust Co. of Bloomington,* 1951, 121 Ind. App. 136, 96 N. E. (2d) 918, 923, 98 N. E. (2d) 231, "there is nothing in the Act of Congress to hamper the state courts, in the exercise of their jurisdiction over the administration and settlement of estates, from applying equitables rules whereby, as the result of case law, equitable apportionment of this tax is accomplished in each estate". In that case the Indiana court, as had the courts of Ohio and Rhode Island in *McDougall v. Central Nat. Bank of Cleveland, supra,* and *Industrial Trust Co. v. Budlong, supra,* respectively, applied the equitable principle notwithstanding the absence of statutory authority therefor. So also in *Trimble v. Hatcher's Ex'rs,* 1943, 295 Ky. 178, 173 S. W. (2d) 985; in *Regents of University System of Georgia v. Trust Co. of Georgia,* 1942, 194 Ga. 255, 21 S. E. (2d) 691; in re Gallagher's Estate, 1953, 57 N. M. 112, 255 P. (2d) 317, 37 A. L. R. (2d) 149; and in *Carpenter v. Carpenter,* 1954, 364 Mo. 782, 267 S. W. (2d) 632. And in *Hagerty v. Hagerty,* Fla. 1951, 52 So. (2d) 432, 435, the court said: "As we understand it, the Federal Government is not concerned with distribution of the load so long as it receives the money. The principle of apportionment was recognized by us in *Henderson v. Usher,* 125 Fla. 709, 170 So. 846, and by the legislature later. * * *"

In re Mellon's Estate, 1943, 347 Pa. 520, 32 A. (2d) 749, 757, involved a claim against donees of gifts made in contemplation of death, for contribution of the amount of federal estate tax paid by the executors of the value of said gifts. The Pennsylvania apportionment act was declared not necessary to support the ruling in favor of such apportionment, the court saying:

"The equitable principle of contribution has long been enforced in this Commonweath on principles of natural justice. See *Horbach's Administrators v. Elder,* 18 Pa. 33;

*Armstrong County v. Clarion County*, 66 Pa. 218, 5 Am. Rep. 368; *Commonwealth v. American Surety Co. of N. Y.*, 315 Pa. 428, 172 A. 844. An examination of those cases and the principles expressed indicates clearly the applicability of the doctrine to the circumstances of the present case * * * In the present case the decree could be sustained either upon the terms of the statute or upon the broad principle of equity here discussed."

Like view was expressed in *Wilmington Trust Co. v. Copeland*, 1953, 33 Del. Ch. 399, 94 A. (2d) 703, where it was said that the Delaware apportionment statute was merely declaratory of existing law; that its retroactive application therefore destroyed no vested rights, since it only affirmed an existing liability; and that equitable principles· require apportionment of estate taxes notwithstanding the absence of statutory authority therefor.

The South Carolina inheritance tax is imposed upon the right to receive, as distinguished from the right to transmit, property. *Simmons v. South Carolina Tax Commission*, 134 S. C. 261, 132 S. E. 37. It is payable by the executor or trustee, Code, 1952, Section 65-511; but its ultimate burden is to be borne by each recipient respectively to the extent that it is referable to the taxable value of the property received. Code, 1952, Section 65-512. Thus confirmed by the statute, the applicability of the principle of apportionment would seem to be beyond question. And appellant appears to so concede, for his only exception relating to the inheritance tax is based upon the contention that "it was the decedent's intention that her probate estate bear such taxes." But, as we have before stated, no such intention is expressed in or reasonably inferable from either the will or the deed of trust.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.