18945

Bruce W. WHITE, As Administrator of the Estate of Benjamin F. Adams, Appellant, v. SOUTH CAROLINA TAX COMMISSION, Respondent.

(169 S. E. (2d) 143)

*Messrs. Bruce W. White,* of Union, and *J. Kenneth Tomlinson,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assisant Attorneys General,* of Columbia, *for Respondent,*

*Messrs. Bruce W. White,* of Union, and *J. Kenneth Tomlinson,* of Columbia, *for Appellant,*

July 24, 1969.

BUSSEY, Justice.

At issue in this action is the amount allowable, as a marital deduction, free of South Carolina estate taxes to the widow of Benjamin W. F. Adams, intestate, pursuant to the provisions of South Carolina Code Section 65-455, and 26 U.S.C.A. § 2056. Mr. Adams died on December 22, 1962, survived by his widow and two adult children, and leaving an estate which was subject to both South Carolina and federal estate taxes. Having died intestate, his estate is distributable under Code Section 19-52, one-third to his widow and one-third to each of his two children. The administrator filed with the South Carolina Tax Commission an estate tax return wherein he deducted from the taxable estate one-third of the adjusted gross estate as the marital deduction of the widow. The Commission, contending that the amount of the marital deduction should be reduced to a value calculated after the allowance for state and federal estate taxes, imposed a deficiency assessment, including interest, in the amount of $1,617.58, which was paid by the administrator under protest, and the instant action was instituted to recover such deficiency assessment.

The cause was heard by the court below on a stipulation of facts and the administrator appeals from a judgment upholding the deficiency assessment. The record discloses very little factual information concerning the estate and the precise manner of calculation of the deficiency assessment by the Commission appears in neither the record nor the briefs of counsel. The basis of such assessment is, however, set forth in the stipulation of facts in the following language:

"8. That the Commission, since the enactment of the South Carolina estate tax in 1961, has consistently considered such tax and the United States estate tax to be the same as other debts and expenses of the estate and has accordingly calculated the amount of the allowable marital deduction after subtracting from the gross estate the amount of such taxes."

While neither the formula used by the Commission nor the precise calculations appear, it is clear that the action of the Commission had the result of reducing the amount allowable as a marital deduction; of increasing the value of the taxable estate, and, consequently, the amount of the taxes. At issue is what is the proper method of arriving at the amount, properly allowable as a marital deduction. In our view, the Commission's method of calculating the amount of the allowable marital deduction, after first subtracting from the gross estate the amount of state and federal estate taxes, is correct only if the law of this state imposes the burden of such taxes upon the widow's statutory distributive share. Hence, the pivotal question on this appeal may be stated as follows:

Is there any provision of law in this state which imposes any portion of the burden of either the federal or state estate taxes upon the widow's statutory distributive share, which share is within the 50% limitation upon the marital deduction allowed by both state and federal law?

The tax here involved was imposed upon "the transfer of the taxable estate" of the decedent by Code Section 65-451, which reads as follows:

"Tax imposed; rate.—A tax computed in accordance with the following table is hereby imposed on the transfer of the taxable estate determined as provided in § 65-455 of every decedent resident of South Carolina dying after December 31, 1961. * * *"

Section 65-455 reads as follows:

"How value of taxable estate determined.—For purposes of the tax imposed by § 65-451, the value of the taxable

estate shall be determined by deducting from the value of the gross estate the exemptions and deductions allowed for Federal estate tax purposes pursuant to §§ 2051 through 2056, inclusive, of the Internal Revenue Code of 1954, as amended through * * *."

26 U. S. C. A. Sec. 2056, referred to in our above quoted Code Section, contains the following pertinent provision, such having been by reference made a part of the South Carolina tax law.

"Bequests, etc., to surviving spouse.

"(a) Allowance of marital deduction.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate."

Subsection (d) of section 2056 is not here pertinent and neither is subsection (b), except as hereinafter discussed, but subsection (c) thereof limits the foregoing marital deduction to 50% of the value of the "adjusted gross estate" as therein defined. The widow's distributive share in the instant case was included in determining the value of the gross estate and since such did not exceed the 50% limitation, it was allowable as a marital deduction and properly excludable in arriving at the "taxable estate".

The respondent points to no provision of law of this state, statutory or otherwise, which expressly imposes any portion of the burden of either the federal or state estate tax upon the amount allowable as a marital deduction of a surviving spouse, and we are aware of none. It is argued, *inter alia,* however, that the Commission's determination of the deficiency here is supported by and in accord with

the provisions of 26 U. S. C. A. § 2056 (b) (4) which reads as follows:

"Valuation of interest passing to surviving spouse.—In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section—

(A) There shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest; * * *."

When this section is considered, the question arises as to what, if any, effect any tax mentioned in said section had upon the net value of the distributive share passing to the surviving spouse. The answer to that question involves consideration of the purpose and intent of Congress in enacting the foregoing code provisions, included in the marital deduction provisions of the federal code, which originated with the Internal Revenue Act of 1948. Both the legislative history of such act and subsequent decisions of the United States Supreme Court clearly demonstrate that the intent and purpose of Congress was to equalize the incidence of progressively scaled estate taxes between the citizens of community property states and those of common law states, like South Carolina, and to permit a deceased spouse in a common law state to transfer, free of federal estate tax, one-half of non-community property to the surviving spouse. *United States v. Stapf*, 375 U. S. 118, 84 S. Ct. 248, 11 L. Ed. (2d) 195, 203 (1963). See also *Northeastern Pa. National Bank & Trust Co. v. United States*, 387 U. S. 213, 87 S. Ct. 1573, 18 L. Ed. (2d) 726 (1967); U. S. Code Congressional Service, Vol. 2, 80th Cong., (2d) Session 1948, Senate Rep. No. 1013, pages 1222 *et seq.*, and House Rep. No. 1274, commencing at page 1258.

Clearly demonstrative of the intent and purpose of Congress in enacting what is now Code Section 2056 (b) (4)

is the following quotation from Senate Report No. 1013, page 1227,

"Clause (i) of such subparagraph requires that there shall be taken into account the effect which the amount of any estate, succession, legacy, or inheritance tax may have upon the net value of any interest in property passing to a surviving spouse. This provision is designed to prevent any implication that such taxes should not be taken into account where such taxes and the marital deduction are mutually interdependent. This provision is substantially the same as that provided in section 812 (d) of the code, relating to bequests, etc., to charity. The rule applies where the burden of a death tax falls upon the surviving spouse or the property in which an interest passes to the surviving spouse."

Prior to passage by Congress of the marital deduction provisions of the federal estate tax law in 1948, it was firmly established that the ultimate thrust or burden of the federal estate tax was a question of state, rather than federal, law *Riggs v. Del Draga,* 317 U. S. 95, 63 S. Ct. 109, 87 L. Ed. 106 (1942). No federal statute has undertaken to put the burden of any death tax upon either the surviving spouse or property passing to the surviving spouse within the allowable marital deduction provision. By the passage of the 1948 marital deduction provisions, Congress left the common law states where they could, at their respective options, accord, or not accord, their citizens the full benefit of the marital deduction provisions by casting, or not casting, the burden of any portion of any death tax upon property that would otherwise pass to a surviving spouse free of tax under the marital deduction provision.

We being here concerned with an intestate estate, no death tax mentioned in 26 U. S. C. A. Sec. 2056 (b) (4) has any effect whatever upon the net value of the interest passing to the surviving spouse, except by operation of state law. We are aware of no law of this state, in effect at the pertinent time, which cast the burden of any death tax, estate, inheritance, succession or other, upon the inter-

est passing to the surviving spouse, and none has been cited.

In the case of *Pitts v. Hamrick,* 228 F. (2d) 486 (C. A. 4th Cir. 1955), the Internal Revenue Service took the identitical position of the Commission here, with respect to the calculation of the amount of the marital deduction of the widow of a South Carolina interstate for the purpose of the federal estate tax. The question before the court was whether the law of this state imposed any portion of the burden of that tax upon the distributive share of the widow. The court did not have the benefit of a decision of this court, directly in point, but, in deciding favorably to the widow ,arrived at the following conclusion as to the law of this state.

"Where the estate is to receive the benefit of the deduction of the widow's share from the gross estate in order that that share may be relieved of the burden of the estate tax, as Congress intended, it would be unfair and unjust to require her share to bear any portion of that tax; and we find nothing in the law of South Carolina which requires such a result or which would prevent the court from applying equitable principles of apportionment to relieve the share of the widow of this unfair and unjust burden. That the South Carolina courts apply equitable principles in cases involving the incidence of the federal estate tax, see *Carolina Life Ins. Co. v. Arrowsmith,* 174 S. C. 161, 176 S. E. 728, 733, where the Supreme Court of South Carolina held that federal estate tax based on insurance policies payable to the widow and mother of the decedent should be paid by them and not by the estate."

\* \* \* \* \* \*

"It is inconceivable here that any part of the estate tax should be attributed to the share of the widow, where the purpose of Congress in allowing the marital deduction was to free the interest of the surviving spouse from the burden of that tax and where the estate receives the benefit of the deduction because of that interest."

We are in accord with the foregoing holding as to the law of this state and the result reached. Subsequent to the *Pitts* decision, this court, in the case of *Myers v. Sinkler,* 235 S. C. 162, 110 S. E. (2d) 241 (1959), held that the ultimate burden of federal estate taxes, imposed upon the value of both probate assets and non-probate assets, passing under an irrevocable *inter vivos* trust, should be ratably apportioned between the two estates under the principles of equitable apportionment. Underlying the principles of equitable apportionment is the proposition that the assets of a taxable estate which generate a part of the estate tax should ratably bear the burden of the tax to the extent of the tax generated by such assets. It logically follows that assets not includable in the taxable estate and which generate no part of the estate tax should not be burdened with the payment of any portion thereof.

While this court has not heretofore had occasion to pass upon the precise question, in view of our equitable apportionment decisions and the rationale thereof, we conclude that the established law of this state, even prior to the enactment of our present estate tax law, cast no portion of the burden of federal estate tax upon the interest passing to the surviving spouse within the marital deduction provisions of the federal statute.

Prior to 1961, when South Carolina adopted its present estate tax law, it had an inheritance tax law which imposed a tax upon the right to receive, as distinguished from the right to transfer, property. *Myers v. Sinkler, supra; Simmons v. S. C. Tax Commission,* 134 S. C. 261, 132 S. E. 37 (1926). When the legislature of this state, in 1961, enacted our present estate tax law, now Code Sections 65-451 *et seq.,* it was no doubt aware of the distinction between the inheritance tax law, which it repealed, and the estate tax law, which it adopted, imposing the tax upon the transfer of the taxable estate; the law of this state as it then existed, and the legislative history, intent and purpose of the

particular provisions of the federal estate tax law, which were by specific reference made a part and parcel of the South Carolina estate tax law.

With the foregoing in mind, an analysis of the entire 1961 Act fails to disclose any intent whatever on the part of the legislature to cast the burden of either state or federal estate taxes upon an interest passing to a surviving spouse which is within the allowable marital deduction. To the contrary, such analysis rather clearly demonstrates an intent on the part of the legislature of this state to accord its citizens the full and complete benefit of the marital deduction provisions of the federal statute and to allow, within the marital deduction limitation, the surviving spouse's interest to pass to the surviving spouse free and clear of the burden of all death taxes.

Among other provisions indicative of the intention of the legislature not to impose any burden of death taxes upon the marital deduction in Code Section 65-563, which, as originally enacted in 1961, provided for the ratable apportionment of the estate tax upon proceeds of life insurance policies, payable to a beneficiary other than the executor, but expressly excluded proceeds received by the surviving spouse within the marital deduction limitation. Such section has been subsequently amended to require ratable apportionment with respect to assets other than life insurance proceeds, but the exemption with respect to the marital deduction has been preserved.

Relied upon as envincing a contrary intention is Code Section 65-531, which, with exceptions not here pertinent, imposes a lien upon the gross estate of the decedent, including the widow's distributive share which is not a part of the taxable estate. We need not consider this code section except to say that we are satisfied that insofar as the instant situation is concerned, its purpose was to insure the collection of any tax due, but not to place the ultimate burden for such tax upon assets not included in the taxable estate.

It is also argued that allowing the widow to receive her one-third share free of estate tax results in the children, after payment of estate taxes, each receiving net less money than the widow, the result reached being in contravention of the Statute of Descent and Distribution, Code Sec. 19-52. A simple answer to this argument is that the legislature saw fit to impose a tax upon the transfer of distributive shares which pass to the children, but did not see fit to impose tax upon the transfer of the distributive share passing to the widow. Moreover, the allowance of the marital deduction, undiminished by the impact or burden of estate taxes, actually inures to the benefit of the recipients of the taxable estate in that the tax is calculated on a lesser value and, not infrequently, partly at a lesser rate or rates.

In summary, we hold that there is no law in this state which imposes the burden of any death tax upon the distributive share of the widow which is within the limitation upon the allowable marital deduction. It follows that the lower court was in error in upholding the Commission's method of calculating the amount of the allowable marital deduction and in denying the relief sought by the administrator.

Much of the briefs of counsel have been devoted to the question of the force and effect, or lack thereof, of an order of the Probate Court of Union County which reached the same result we herein reach. In view of the result we reach, it becomes unnecessary to consider the contentions of the parties with respect to such Probate Court order.

The judgment of the lower court is reversed and the cause remanded for entry of judgment in favor of the appellant-administrator.

Reversed and Remanded

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.