## 19470

Dorothy Napier CLARK, as Executrix of the Estate of Joseph R. Clark, Sr., Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(191 S. E. (2d) 23)

---

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr.,* and *John C. von Lehe, Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*James M. Brailsford, Esq.,* of *Robinson, McFadden, Moore & Pope,* Columbia, *for Respondent,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr.,* and *John C. von Lehe, Asst. Attys. Gen.,* of Columbia, *for Appellant,* in Reply.

August 9, 1972.

LITTLEJOHN, Justice.

The Tax Commission appeals from a circuit court order directing it to redetermine an assessed deficiency in plaintiff's South Carolina estate tax liability.

Joseph R. Clark, Sr., died testate on March 17, 1969. His widow, Dorothy Napier Clark, was primary beneficiary under Clark's will. As his executrix, she is plaintiff and respondent in this action.

Section 2056 of the Internal Revenue Code ("I. R. C."), 26 U. S. C. A. § 2056, provides in general that, for federal estate tax purposes, the value of property passing to a surviving spouse may be deducted from the value of the decedent's adjusted gross estate in determining the value of the taxable estate. This deduction is known as the "marital deduction." There are certain limitations placed upon its allowance, among which are the following:

1. Property in which the surviving spouse acquires a life estate only (herein referred to as "nonqualifying property") does not qualify for the deduction [§ 2056(b) (1)].

2. The deduction may not exceed one-half of the value of the adjusted gross estate [§ 2056(c) (1)].

Section 65-455, Code of Laws of South Carolina (1962), adopts by reference the marital deduction which is allowed by I. R. C. § 2056.

In due course and pursuant to Sections 65-451 *et seq.* of the Code, plaintiff filed a South Carolina estate tax return. The controversy in this case arose over the method of computing the marital deduction which a surviving spouse is allowed.

The value of Clark's adjusted gross estate was computed by the Tax Commission to be, in round figures, $389,000:

*Probate Assets*

Realty in which Mrs. Clark received a
   *life estate only* ........................ $198,000

| | |
|---|---:|
| Personalty in which Mrs. Clark received a *life estate only* | 28,000 |
| Other personalty | 142,000 |
| *Non-Probate Assets* (Insurance and jointly owned property) | 33,000 |
| TOTAL GROSS ESTATE | $401,000 |
| Less debts and expenses | 12,000 |
| ADJUSTED GROSS ESTATE | $389,000 |

The taxable estate is computed by subtracting the marital deduction from the adjusted gross estate, and by making certain other adjustments.

Plaintiff would compute the marital deduction as follows:

Total value of all property passing to the spouse,
*Less*

Value of the nonqualifying property.

The Commission, on the other hand, would compute the marital deduction thusly:

Total value of all property passing to the spouse,
*Less*

Value of the nonqualifying property,
*And Also*
*Less*

Funeral & administration expenses, debts of decedent, and estate taxes.

Both parties would, of course, limit the allowable marital deduction to one-half the value of the adjusted gross estate.

The Commission, in assessing the tax deficiency, took the following position:

(1) In the administration of an estate, absent express testamentary direction to the contrary, personal property is primarily chargeable with the payment of debts, administra-

tion expenses, and estate taxes. Thus the value of the personalty passing to the plaintiff must be considered as diminished by the amounts of these items.

(2) In this case, for marital deduction purposes, the only qualifying property is the personal property.

(3) Since the value of the personal property should be diminished, the value of the qualifying property should likewise be diminished.

The Commission accordingly reduced the value of the property qualifying for the marital deduction far below the allowable fifty percent of the adjusted gross estate. The net effect of the Commission's action was to increase the value of the taxable estate and, in turn, the estate tax liability.

Plaintiff petitioned the Court of Common Pleas of Richland County for a redetermination of the Commission's assessed deficiency. The court, Honorable John Grimball, found and held that "the excess tax assessed by the respondent on the basis of the readjusted marital deduction is improper in that the surviving spouse received no taxable property and under the law of this state should not be charged with the burden of taxes generated by the taxable portions of the estate." The Commission has appealed.

The arguments in this case focus on three cases decided by this Court:

*Gaither v. United States Trust Co. of N. Y.*, 230 S. C. 568, 97 S. E. (2d) 24 (1957), is cited by the Commission for the proposition that debts, expenses and taxes are primarily chargeable to the personalty and/or residuary estate, unless otherwise directed by the will. Code section 19-492 is also cited as authority for this rule.

*Myers v. Sinkler*, 235 S. C. 162, 110 S. E. (2d) 241, arose in 1959. There the testatrix was life beneficiary of a real estate trust. By her will, she directed that all taxes imposed against her estate be paid out of her residuary estate. The issue in the case, as framed by the Court, was:

"In the absence of statute or express direction in either the trust deed or the will, should the ultimate burden of estate and inheritance taxes be borne solely by the risiduary probate estate, or ratably, under the principle of equitable apportionment, by both the probate and the non-probate estates?" [235 S. C. at 167, 110 S. E. (2d) at 242].

The issue was decided in favor of the equitable apportionment. Gaither was distinguished as being "concerned only with the order in which probate assets should be applied, under the terms of the will, to payment of estate and inheritance taxes in respect of their transfer; no non-probate estate was there involved." [235 S. C. at 174, 110 S. E. (2d) at 246].

*White v. S. C. Tax Commission,* 253 S. C. 79, 169 S. E. (2d) 143 (1969), was concerned, as is the instant case, with the amount allowable as a marital deduction, free of South Carolina estate taxes. There, the decedent having died intestate, his widow received a statutory one-third share of his estate. In completing the estate tax return, the administrator deducted one-third of the adjusted gross estate as the marital deduction of the widow. The Commission reduced the marital deduction to a value calculated after the allowance for estate taxes. The lower court agreed with the assessment of a deficiency. We reversed.

> Under the doctrine of "equitable apportionment" the burden of estate taxes is apportioned among the assets which make up the taxable estate.

The plaintiff argues that in *Myers* this Court adopted the equitable apportionment doctrine and extended the burden of the estate taxes to those assets generating a portion of the taxes in proportion to the amount of the tax that they generate. *White,* plaintiff argues, extended the principle by saying that assets generating no taxes will not be charged with the burden of the taxes generated by other assets. Plaintiff goes on to argue that here the qualifying property which passed to the wife generated no taxes and

therefore should not bear the burden of the taxes generated by the other property.

The Commission argues that the *Myers* decision merely allows apportionment between probate and non-probate assets and that it cannot be extended to allow apportionment amongst the probate assets alone. The Commission would distinguish *White* as involving an intestate estate whereas this case involves a testate estate.

We agree with the lower court that the holding in the *White* case is applicable here. In that case we said:

" . . . Both the legislative history of . . . [the Internal Revenue Act of 1948] and subsequent decisions of the United Supreme Court clearly demonstrate that the intent and purpose of Congress was to equalize the incidence of progressively scaled estate taxes between the citizens of community property states and those of common law states, like South Carolina, and to permit a deceased spouse in a common law state to transfer, free of federal estate tax, one-half of non-community property to the surviving spouse. (Citing authority) [253 S. C. at 85, 169 S. E. (2d) at 145].

\* \* \*

" . . . Underlying the principles of equitable apportionment is the proposition that the assets of a taxable estate which generate a part of the estate tax should ratably bear the burden of the tax to the extent of the tax generated by such assets. It logically follows that assets not includable in the taxable estate and which generate no part of the estate tax should not be burdened with the payment of any portion thereof. [253 S. C. at 88, 169 S. E. (2d) at 147].

\* \* \*

" . . . [A]n analysis of the entire 1961 Act [enacting our present South Carolina estate tax law] fails to disclose any intent whatever on the part of the legislature to cast the burden of either state or federal estate taxes upon an interest passing to a surviving spouse which is within the al-

lowable marital deduction. To the contrary, such analysis rather clearly demonstrated an intent on the part of the legislature of this state to accord its citizens the full and complete benefit of the marital deduction provisions of the federal statute and to allow, within the marital deduction limitation the surviving spouse's interest to pass to the surviving spouse free and clear of the burden of all death taxes." [253 S. C. at 89, 169 S. E. (2d) at 147].

■ The personalty passing to the plaintiff is within the marital deduction, at least insofar as its value does not exceed one-half the value of the adjusted gross estate. This property is therefore not included in the taxable estate and should not be burdened with any portion of the estate taxes.

The Commission argues that "the testator's intention, if any was expressed, is that the real property be preserved and the personalty applied to satisfy debts and expenses." We are not convinced that the will indicates an intent on the part of the testator that these items be satisfied out of the personalty.

The rule of the *Gaither* case, as Judge Grimball pointed out, developed long before our present tax law.

" . . . Presumably the residuary estate was what remained after the testator had made his specific bequests and fairness therefore led to the rule that in the absence of any indication of intention to the contrary, the residue should bear the total estate tax. The reason for a presumption which casts the estate tax on all who share in the residue disappears, however, when a marital deduction is carved out of the residue." *Dodd v. United States,* 345 F. (2d) 715 at 718 (3d Cir. 1965).

■■ "Revenue laws are generally construed in favor of the taxpayer and against the taxing authority." 82 C. J. S. Statutes § 396. We conclude that the law of South Carolina does not impose the burden of estate taxes, debts, and expenses upon that property passing to the sur-

viving spouse which qualifies for the marital deduction. The order of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.